The People ex rel. The Commonwealth Insurance Company of New York, Respondent, *v.* Michael Coleman et al., as Commissioners, etc., Appellants.

Under and by virtue of the act of 1886, " to provide for the taxation of fire and marine insurance companies " (Chap. 679, Laws of 1886), such companies are exempt from local taxation upon their personal property, franchises and business, except as provided in the act itself.

The title of an act, while no part of it, may be resorted to as an aid in determining legislative intent, when that intent is otherwise somewhat ambiguous.

*People ex rel.* v. *Davenport* (91 N. Y. 574), distinguished.

(Argued June 2, 1890; decided June 17, 1890.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made the first Monday of February, 1890, which affirmed an order of Special Term, vacating an assessment of the capital stock of the relator for taxation for the year 1889.

The facts, so far as material, are stated in the opinion.

*D. J. Dean* for appellants. The capital stock of the relator was not exempt from taxation under chapter 679 of the Laws of 1886. (Laws of 1880, chap. 542; *People ex rel.* v. *Davenport,* 91 N. Y. 574; *P. Bank* v. *Billings,* 4 Pet. 561.) The method adopted by the tax commissioners in fixing the amount of the assessment of relator's capital stock was in accordance with the law, and the result attained was correct. (Laws of 1857, chap. 456, § 3 ; *People ex rel.* v. *Commissioners,* 107 N. Y. 543 ; *People ex rel.* v. *Davenport,* 91 id. 574, 581, 582.)

*Joseph Larocque* for respondent. There is no uncertainty or ambiguity in the language used in section 4 of chapter 679 of the Laws of 1886. (*D. C. M. Ins. Co.* v. *City of Poughkeepsie,* 4 N. Y. Supp. 93.) Considering the statute in question in the light of the rules of construction which have frequently received the approval of this court, there will be found in it no room for construction. That which the words

declare will be found to be the meaning of the statute. (*Newell* v. *People*, 7 N. Y. 97; *People ex rel.* v. *Davenport*, 91 id. 585.)

PECKHAM, J.   The relator, a fire insurance company situated and doing business in the city of New York, claims exemption from any assessment or taxation therein upon its personal property, franchise and business, except as is provided in and by chapter 679 of the Laws of 1886. The claim has thus far been allowed. The counsel for the tax commissioners, however, insists that the exemption exists only regarding taxation on such property, franchise or business as may be imposed directly by the state and for its general purposes, and that the company is still liable, like other companies, to pay local taxes upon this same property, and he cites the case of *People ex rel.* v. *Davenport* (91 N. Y. 574), as an authority in support of his contention.

If the facts in the two cases were similar, we should be concluded by the decision in that case. The two statutes are, however, quite dissimilar. It was held in the case cited that the act, chapter 542 of the laws of 1880, entitled " An act to provide for raising taxes for the use of the state upon certain corporations, joint-stock companies and associations," did not affect the right of municipal authorities to assess and tax the property of corporations for local purposes, although it was the same personal property and capital stock of the company which were subject to taxation for state purposes under that act.

The reasons for arriving at such conclusion are clearly stated in the opinion in that case. In this inquiry as now presented, we may look at the law as it was amended in 1881, when, to make sure as to the meaning to be attached to the exemption provided for by section 9 of the act of 1880, the legislature, by the act of 1881 (Chap. 361, § 8), enacted that the corporations mentioned " in this act as taxable shall hereafter be exempt from assessment and taxation *for state purposes*, except upon their real estate and as herein provided."

Here is a clear statement that the exemption from assessment and taxation extends only to an assessment and taxation for state purposes, which leaves the companies to be assessed and taxed, as otherwise provided, for local purposes and by local officers.

The act of 1886 (Chap. 679) differs radically in its language from the acts of 1880 and 1881. Its title is, "An act to provide for the taxation of fire and marine insurance companies." This is much broader than the title of the act of 1880.

The title of an act, while no part of it, may yet be legitimately resorted to as an aid in determining legislative intent when that intent is otherwise somewhat ambiguous. This principle has been several times decided, and in the case above cited (*People ex rel.* v. *Davenport*, 91 N. Y. 574) it is reiterated.

Nothing in the title would cause one to suppose that the act was to be restricted to the taxation of such companies for state purposes only, and although if the body of the statute did thus restrict it, effect would of course be given to the will of the legislature, yet when there is no such restriction in terms in the act, the title may properly be looked at to see and appreciate its general scope. The act provides by its first section for the case of every fire or marine insurance company organized under the laws of this state, or of any foreign country, and doing business in this state, and directs a payment to the treasurer of the state, as a tax on its corporate franchise or business in this state, of a sum equal to one-half of one per centum upon the gross amount of premiums received by such company during the year on business done in this state by the company, whether the premiums were in cash or in the form of notes, credit or other substitute for money. There is a section which provides for the enforcement of the payment of the tax and the issuing of an injunction against doing any business until it is paid. It then provides that " the lands and real estate of such insurance companies shall continue to be assessed and taxed where situated for state, city, town, county, village, school, or other local purposes; but the personal prop-

erty, franchise and business of all insurance companies incorporated under the laws of this state, or any other state or country, and doing business in this state, and the shares of stock of said companies shall hereafter be exempt from *all* assessment or taxation *except as in this act prescribed;* provided that this section shall not affect the fire department tax of two per cent now required to be paid."

Here is a provision which declares that such companies as are therein described, and in regard to their personal property, franchise and business, shall be exempt from *all* assessment or taxation except as provided for in the act. The act of 1881, provided for such exemption from taxation *for state purposes,* while in the act of 1886, in view of the very late history as to the claims of the companies for exemption from local taxation, leaves out the restriction that the exemption is to be for state purposes, and provides that the exemption shall be from *all* taxation except as provided for in the act. Mindful of the construction that would thus in all probability be placed upon such language, and to prevent its application to the local tax for the fire department, the proviso is inserted that the section shall not affect the fire department tax of two per cent now required to be paid. Whether the fire department payment is a tax or a license, is not material. The legislature regarded it as a tax, for it is so called in the statute. It is not called either a tax or a license in the statute imposing the payment in regard to the city of New York. (Consolidated Statutes, §§ 522 to 532.) But, whatever it was or is, the legislature evidently assumed that the necessity for its payment would have passed away by the passage of the section quoted, unless kept alive by the express proviso contained in such section. Upon the whole, we think the statute is so specific and broad in its terms as to work an exemption of the companies from local taxation, except as provided for in the act itself. This is not an exemption from taxation within the meaning of that expression as ordinarily used. The companies do not escape taxation by the construction we give the statute. They are all taxed, and at a rate which no one can say, as a

legal proposition, is too small in proportion to the value of the property assessed.

How much, at what times, in what manner, and at what places, shall these companies be assessed and taxed, are all questions exclusively for the legislature, and we have but to look at and construe the meaning of the language used by it to express its purpose in such matters. We do not intend by this decision to in the least depart from the principle which guides most courts in regard to construing statutes which are claimed to grant an exemption from taxation. Such grant must be clear and explicit, in order to be acknowledged and enforced. But this is not such a case.

We think the statute provides for all the taxation that is to be laid upon companies, subject to its provisions, with the exceptions therein provided for.

The order of the courts below should, therefore, be affirmed, with costs.

All concur except O'BRIEN, J. taking no part.

Order affirmed.