Clara H. Spencer, Appellant, *v.* Peter B. Myers, Respondent.

1. Statutes — Construction. A strict and literal interpretation of a statute is not always to be adhered to, and where a case is brought within the intention of the legislature, it is within the statute, although by a technical interpretation it is not within its letter.

2. Married Women — Assignment of Life Insurance Policies — Laws of 1879, Chap. 248. Chapter 248, Laws of 1879, providing for the assignment by wives of insurance policies "issued within the state of New York" upon the lives of husbands for their benefit, applies not only to policies issued by domestic but also to those issued by foreign life insurance companies; and the assignment by a wife, with the consent of her husband, of a policy issued by a Connecticut life insurance company in that state upon his life for her benefit and held within this state, is valid and vests the title to the proceeds of the policy in the assignee.

3. Life Insurance Policy — Stipulation against Assignment. Stipulations in a policy of insurance, issued upon the life of a husband for the benefit of his wife, against the assignment thereof, inserted solely for the advantage of the company, cannot avail the wife as against one to whom she has assigned the policy under the statute, where the company has declined to take advantage of the stipulations and has paid the proceeds of the policy into court.

*Spencer* v. *Myers*, 73 Hun, 274, affirmed.

(Argued June 16, 1896; decided October 13, 1896.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, made November 21,

1893, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit, a jury having been waived, and granted a new trial.

This was an action upon a policy of life insurance.

The facts, so far as material, are stated in the opinion.

*S. M. Lindsley* for appellant. The foundation for the assignment of the policy was the agreement made October 24, 1887, between the husband and wife, that the wife would upon demand execute a transfer of the policy. That agreement, being a contract directly between husband and wife, was void. (*Hendricks* v. *Isaacs*, 117 N. Y. 411.) The statute (Chap. 248, Laws of 1879) which provides for assignment by wives of policies of insurance for their benefit, upon the lives of their husbands, covers by its terms none but policies issued within the state of New York, and it should be strictly construed. (*Brick* v. *Campbell*, 122 N. Y. 343; *Miller* v. *Campbell*, 140 N. Y. 460; *T. Ins. Co.* v. *Healey*, 86 Hun, 530; *Bertles* v. *Nunan*, 92 N. Y. 157; *Fitzgerald* v. *Quann*, 109 N. Y. 441; *Smillie* v. *Quinn*, 90 N. Y. 497; *Brummer* v. *Cohn*, 86 N. Y. 17.) The assignment is governed by the law of this state. (*Miller* v. *Campbell*, 140 N. Y. 457.) The policy was not assignable. (1 Bacon on Ben. Soc. § 295; *Unity Assn.* v. *Dugan*, 118 Mass. 219; *K. L. Ins. Co.* v. *Weitz*, 99 Mass. 157; *Stevens* v. *Warren*, 101 Mass. 564; *Warnock* v. *Davis*, 104 U. S. 775; *Fitzpatrick* v. *H. Ins. Co.*, 56 Conn. 133; 56 Am. Dec. 749; 1 Phill. on Ins. §§ 107, 207; 1 Hill, 497; 3 Hill, 508; 67 Penn. St. 373; 69 Maine, 409; 5 Pick. 76; 10 W. Va. 546; *Lynde* v. *N. F. Ins. Co.*, 139 Mass. 57.) Equitable considerations are of no moment. (*Milhous* v. *Johnson*, 21 N. Y. S. R. 382; *Frank* v. *M. L. Ins. Co.*, 102 N. Y. 266; *Brummer* v. *Cohn*, 86 N. Y. 11; *Brick* v. *Campbell*, 122 N. Y. 337; *Champlin* v. *Laytin*, 18 Wend. 412; *Weed* v. *Weed*, 94 N. Y. 243.) Subsequent divorce does not vitiate a wife's right in the policy. (*Olmsted* v. *Keyes*, 85 N. Y. 601; *C. M. Life Ins. Co.* v. *Schaefer*, 94 U. S. 457.)

*William Kernan* for respondent. The assignment of the policy by the plaintiff with the written consent of her husband, to the defendant Myers was valid, and the defendant Myers was entitled to the policy and is entitled to the proceeds thereof. (Laws of 1879, chap. 248, § 1; *People ex rel.* v. *Lacombe,* 99 N. Y. 43, 49; *People ex rel.* v. *Davenport,* 91 N. Y. 574; *People ex rel.* v. *Coleman,* 121 N. Y. 542; *Wilson* v. *Lawrence,* 13 Hun, 238; 76 N. Y. 585; *Brick* v. *Campbell,* 122 N. Y. 337; *C. M. L. Ins. Co.* v. *Van Campen,* 32 N. Y. S. R. 1125; *Miller* v. *Campbell,* 140 N. Y. 457.) If the claim of the plaintiff is made that the policy was issued and delivered in the state of Connecticut, and that it is subject to and must be construed, and its assignability determined by the law of Connecticut, then the assignment was valid. The assignment of such policy by the wife was allowed by the law of Connecticut, and is valid, and the defendant is entitled to the proceeds under such law. (*C. M. L. Ins. Co.* v. *Palmer,* 42 Conn. 66; *C. M. L. Ins. Co.* v. *Westervelt,* 52 Conn. 586; *Barry* v. *E. L. Assur. Socy.,* 59 N. Y. 587, 594.) The fact that the husband and wife had a child, to whom the insurance was payable, in case the wife did not survive the husband, did not affect the validity of the assignment. (*Anderson* v. *Goldsmidt,* 103 N. Y. 618.) The provision in the policy, " that no assignment of this policy shall be valid," does not affect the assignment to the defendant Myers. (*Leinkauf* v. *Calman,* 110 N. Y. 50.) The claim of the defendant Myers, for the security of which he held the policy, amounts to more than the policy, and he is entitled to the whole of the proceeds of the policy. Even though his debt were less he would be entitled to the full amount of the policy. (*Wright* v. *M. B. L. Assn.,* 118 N. Y. 237.)

O'BRIEN, J. The plaintiff claimed to be entitled to the proceeds of a policy of insurance upon the life of her husband, and the learned trial judge sustained her claim. The General Term reversed the judgment, having arrived at a

different conclusion, upon what seems to us to be a very reasonable construction of a statute which is involved. On the 28th of October, 1880, the plaintiff's husband insured his life for her benefit in the Connecticut Mutual Life Insurance Company. The policy was issued at Hartford and sent by mail to one of the agents of the company in this state to be delivered to the husband, who had made the written application upon which it was issued. The insured died in January, 1890, with the policy in force. The plaintiff claimed the money payable under the policy, amounting to $2,000, as widow of the insured and the payee named therein. The defendant also claimed it under a written assignment from the plaintiff, to which her husband, the deceased, had consented in writing executed in due form. Both parties claiming the money, the company refused to pay either, and the plaintiff brought the action against it alone. Subsequently it paid the money into court and the assignee was made a party. The controversy is, therefore, between the widow and her assignee and turns upon the validity of the assignment.

It is quite true, as urged by the learned counsel for the plaintiff, that prior to the statutes (Laws 1873, ch. 821; Laws 1879, ch. 248) a married woman was incapable of assigning a policy of insurance for her benefit upon the life of her husband. (*Miller* v. *Campbell*, 140 N. Y. 457; *Romaine* v. *Chauncey*, 129 N. Y. 574; *Brick* v. *Campbell*, 122 N. Y. 343; *Eadie* v. *Slimmon*, 26 N. Y. 9.) But the obvious purpose of these statutes was to remove this disability, and it is not contended that the incapacity still exists in general but only in particular cases. The learned counsel for the plaintiff has devoted a considerable part of his argument to establish the proposition that the policy was issued and delivered in the state of Connecticut and not in this state, and, therefore, is a Connecticut contract. For the purposes of this case we will assume that he is correct in this contention. But we think that is not a material circumstance in the determination of the rights of the parties in a controversy between them with respect to the right to receive the money. Such a policy is

assignable by the wife under the laws of Connecticut. (*Con. Life Ins. Co.* v. *Palmer,* 42 Conn. 66 ; *Conn. Mut. Life Ins. Co.* v. *Westervelt,* 52 Conn. 586 ; *Barry* v. *Eq. Life Assur. Society,* 59 N. Y. 587.) The law of. the place where the contract is made is sometimes important when questions concerning its validity or construction are involved. But in this case no such questions arise. The sole question is, whether it was transferable, and whether the defendant, by the assignment, has acquired the right and title to the proceeds. Nor is there any question made with respect to the sufficiency of the instrument of assignment, in form and substance, to pass the beneficial interest, if, by the laws of this state, the policy could be transferred under any circumstances. In whatever state or jurisdiction the obligation had its legal origin, it was held within this state as property, and was subject, in all respects, to the laws of this state.

The plaintiff's contention must rest entirely upon the proposition that, by the laws of this state, she was incapable of making a valid assignment, and this we understand to be the ground upon which she relies to sustain this appeal. The act of 1879 (Ch. 248) is entitled "An act for the relief of policyholders in life insurance companies," and the first section reads as follows : " All policies of insurance heretofore or hereafter issued within the state of New York upon the lives of husbands for the benefit and use of their wives, in pursuance of the laws of the state, shall be, from and after the passage of this act, assignable by said wife with the written consent of her husband ; or, in case of her death, by her legal representatives, with the written consent of her husband, to any person whomsoever, or be surrendered to the company issuing such policy, with the written consent of the husband."

That this statute has removed the disabilities of married women to assign insurance policies upon the lives of their husbands, at least to some extent, is not and of course cannot be denied. But the learned counsel for the plaintiff insists that it applies only to policies " *issued within the state of New York.*" That is to say, that it extends no farther than

to enable them to assign policies issued by our domestic companies, and that, since the policy in question was issued by a foreign company and in another state, the disability to assign still exists and existed when the plaintiff made the assignment in question. We think that such a construction of the statute is altogether too narrow. It rests entirely upon a close adherence to the literal meaning of words and fails to take into consideration the policy and general purpose of the statute. Of course it was passed for the purpose, as indicated by the title, of relieving married women from the disability referred to. But what good reason is there for saying that the legislature intended in a case where two policies were issued upon the husband's life for the benefit of the wife, one by a foreign and the other by a domestic company, that the latter was to be transferable and the former not ? At the time of the passage of the act, probably one-half the policies for the benefit of married women within the state had been issued by foreign companies, and they were being constantly issued in the same proportion. It is difficult to suppose any practical or rational purpose that the legislature could have had in view if it intended to remove the disability to assign as to one-half these policies and retain it as to the other half. Nor can the purpose of discriminating against foreign companies and favoring our own be imputed to the law-making power with any more reason. It must be assumed that the intention of the statute was to make obligations of this character held in this state, wherever created, assignable. It is scarcely possible that the question as to which side of the boundary line of the state the policy was made or delivered could have been present to the legislative mind.

It is said that statutes changing the common law with respect to the rights and disabilities of married women must be strictly construed. That, of course, is a well-settled principle but is hardly applicable here. That the common law has been changed by the statute there is no dispute and can be none. It is admitted that the intention was to remove the incapacity of a married woman to assign an insurance pol-

icy issued for her benefit on the husband's life. What is claimed is, that the power thus conferred is not generally applicable to all such policies, but special, depending entirely on the place where they were issued, a circumstance that cannot be supposed to have had any influence upon the legislation or the choice of language for the expression of the thought in the legislative mind. The rule does not require courts in any case to seize upon some word or expression in a statute, and by giving to them a narrow or literal meaning, defeat the general purpose and manifest policy intended to be promoted. It being conceded that the intention was to enable a married woman to transfer her interest in certain property, we are not required to resort to strict construction for the purpose of limiting the power to obligations created in this state when we can see that its convenience and necessity are equally applicable to contracts made elsewhere. In such a case we should be guided by the general and well-settled principles for the construction of statutes. They were well stated in the case of the *People ex rel. Wood* v. *Lacombe* (99 N. Y. 43) in this language : " In the interpretation of statutes, the great principle which is to control is the intention of the legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute as well as other circumstances. A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter. It is the spirit and purpose of a statute which are to be regarded in its interpretation ; and if these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even although such construction is contrary to the literal meaning of some provisions of the statute. A reasonable construction should be adopted in all cases where there is a doubt or uncertainty in regard to the intention of the law makers. These general rules are upheld by numerous authorities." (*People ex rel.* v. *Davenport,* 91 N. Y. 574; *People ex rel.* v. *Coleman,* 121 N. Y. 542; *Smith* v. *People,* 47 N. Y. 330.)

The stipulations in the policy against an assignment do not affect the question as to the defendant's rights. Whatever force these clauses had, the company alone can take advantage of them, and as it has declined to and paid the money into court they do not concern the plaintiff.

We think that the assignment of the policy to the defendant is valid under the act of 1879, and he is entitled to the proceeds paid into court.

The judgment should be affirmed and judgment absolute rendered against the plaintiff, with costs.

All concur, except MARTIN, J., not sitting.

Judgment accordingly.