MAMIE MILLER, Appellant, *v.* MARGARET MAUJER and JOSEPH A. BURR, as Executor, etc., of SUSAN S. ALLEN, Deceased, Respondents, Impleaded with WILLIAM F. ALLEN and Others.

*A husband's right to the personal property of his wife, dying intestate — rules of statutory construction.— when the next of kin may not, under section 2653a of the Code of Civil Procedure, contest a will.*

Where a married woman dies intestate leaving a husband and no descendants, the title to her personal property vests in her husband and his right thereto is not affected by the granting of letters of administration upon her estate to another person.

The court will limit and restrict the operation of a statute when its language, if applied in its literal sense, would lead to an absurdity or manifest injustice.

A reasonable construction of a statute should be adopted in all cases where there is a doubt or uncertainty in regard to the intention of the lawmakers.

Section 2653a of the Code of Civil Procedure, authorizing the next of kin of a testator to maintain an action thereunder to test the validity of the will, only applies where such next of kin would have a right to participate in the distribution of the testator's personal estate in the event of the will being set aside.

APPEAL by the plaintiff, Mamie Miller, from an interlocutory judgment of the Supreme Court in favor of the defendants, Margaret Maujer and another, entered in the office of the clerk of the county of Kings on the 18th day of November, 1902, upon the decision of the court, rendered after a trial at the Kings County Special Term, sustaining said defendants' demurrers to the plaintiff's complaint.

*M. W. Divine,* for the appellant.

*Joseph A. Burr* and *C. W. Wilson, Jr.,* for the respondents.

WOODWARD, J.:

This action is brought under the provisions of section 2653a of the Code of Civil Procedure to obtain a judgment declaring invalid the last will and testament of Susan S. Allen, deceased, which was duly admitted to probate by the surrogate of Kings county. The plaintiff is a niece of the testatrix, and shows by her complaint that she is not mentioned in the will as devisee, legatee or otherwise. The defendants demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and these demurrers have been sustained, the plaintiff appealing.

The complaint alleges the death of the testatrix; that the plaintiff is of the next of kin of said Susan S. Allen, being a niece; the probate of the will and the appointment of Joseph A. Burr sole executor thereof. It sets forth the interests of the other defendants, alleges that William F. Allen is the surviving husband, and that the defendant Nellie Hall, a sister of the plaintiff, is the only other next of kin. Then follow the usual allegations bringing into question the validity of the will. This is a statutory proceeding, and the plaintiff to maintain her action must bring herself within the provisions of the statute. There is no allegation in the complaint that the testatrix died seized of any real estate, or in fact of any property, though it may be assumed, from the fact that she made a will, that she had property to dispose of. The plaintiff has, therefore, no standing as an heir at law. In fact, she makes no claim as an heir at law, but alleges that she is of the next of kin of the testatrix. She does not allege that the testatrix did not leave descendants, although this may be inferred from the allegation as

to the plaintiff and her sister being the only next of kin, and if she did leave descendants they would take her personal estate, and the plaintiff would have no standing as next of kin. On the other hand, while it is not to be doubted that neither the surviving husband nor wife, under a strict construction of law, can be regarded as next of kin, it is well settled that where a. married woman, possessed of a separate personal estate, dies without descendants and without having made any disposition of it during her lifetime, or by way of testamentary appointment, the title thereto vests in her surviving husband, and cannot be affected by the granting of administration upon her estate to any other person. (*Robins* v. *McClure*, 100 N. Y. 328, 333; *Matter of Bolton*, 159 id. 129, 133.) It is true that under the peculiar wording of section 2653a of the Code of Civil Procedure the next of kin of a testator appears to be given the right to bring an action to test the validity of a will, but the Legislature cannot be presumed to have intended to give a right of action to a person who could not have any interest in the matter and could not be injured or benefited by the result of the litigation. A principle of construction of universal authority is that which requires the court to limit and restrict the operation of a statute when its language, if applied in its literal sense, would lead to an absurdity or manifest injustice. (*People ex rel. Westchester F. I. Co.* v. *Davenport*, 91 N. Y. 574, 585, and authorities there cited; *Spencer* v. *Myers*, 150 id. 269, 275, and authorities there cited.) It would clearly be an absurdity for the Legislature to permit a person to litigate a question in which he could have no possible interest in the result, and it would be an injustice to persons having an interest to be compelled to defend an action against such a plaintiff. A reasonable construction should be adopted in all cases where there is a doubt or uncertainty in regard to the intention of the lawmakers (*Spencer* v. *Myers, supra*), and we are of opinion that it was the intention of section 2653a of the Code of Civil Procedure to give a right of action to the next of kin who would have a right to participate in the distribution of the personal property in the event of the will being set aside, and not to permit the next of kin to interfere with the lawful rights of the surviving husband of a woman who left no descendants. It was held in *Dewey* v. *Goodenough* (56 Barb. 54) that, under the provisions of section 399 of the Code of

Procedure (as amd. by Laws of 1862, chap. 460, § 31), which prohibited a party from being examined as a witness " in his own behalf, in respect to any transaction or communication had personally, by * * * said party, * * * with a deceased person, against parties who are the executors, administrators, heirs at law, *next of kin,* * * * of such deceased person, where they have acquired title to the cause of action immediately from said deceased person," the surviving husband, who would take the personal property under his marital rights, was entitled to the protection of this rule against one who claimed to have received the property in litigation from the deceased person as a gift. The court say: " It must be conceded that, strictly and technically, the husband is not *next of kin* to his wife, nor is the wife next of kin to the husband ; and yet it does not necessarily follow that section 399 does not include this case. A thing may well be within the spirit of a statute, although not within the letter ; or it may be within the letter and yet not be within the spirit of it. And as a general rule, where a statute is intended to abrogate a common-law right, or to confer a right not vested by the common law, it will be so construed as not to go beyond the letter, and not even to that extent, unless it appears to be according to the spirit and intent of the act." (See *Murdock* v. *Ward,* 67 N. Y. 387, 391; citing the above case.)

While the plaintiff is, under her allegations, the next of kin of the testatrix, we are of opinion that in view of the fact that the testatrix died without leaving descendants, and being survived by a husband, the latter, if the will should be declared void, would take the personal property under the common law and his marital rights (*Robins* v. *McClure, supra*), so that he is, within the spirit of the statute, the next of kin, and the plaintiff, not being an heir at law, no real estate being involved (*Tillman* v. *Davis,* 95 N. Y. 17, 24, 25), has no standing to bring this action. The complaint, therefore, fails to state facts sufficient to constitute a cause of action, and the demurrers were properly sustained.

The judgment appealed from should be affirmed.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment affirmed, with costs.