### SANGUNITTO v. GOLDEY et al.

(Supreme Court, Appellate Division, Second Department. November 25, 1903.)

1. LIFE INSURANCE—CHANGE OF BENEFICIARY—INTERPLEADER—EFFECT.

     Where, in an action on a life insurance policy by insured's administrator after insured had attempted to change the beneficiary, the insurance company interpleaded such beneficiary, and paid the amount of the policy into court, such interpleader constituted an admission of the validity of the policy, and of the designation of the person interpleaded as the beneficiary.

2. SAME—BENEFICIARY'S VESTED INTEREST.

     Beneficiaries named in a life insurance policy have a vested interest therein, which cannot be destroyed by the assured without their consent, and in contravention of their rights.

3. SAME—MODE OF CHANGE.

     Where a life insurance policy provided that the insured might change the beneficiary by a written notice to the insurer at its home office, ac-

¶ 2. See Insurance, vol. 28, Cent. Dig. §§ 1470, 1471.

companied by the policy, such change to take effect on the indorsement of the same on the policy by the company, a change of beneficiary was not effected by mere notice to the company, accompanied by the policy without such indorsement.

Appeal from Special Term, Kings County.

Action by James J. Sangunitto, Sr., as administrator of the estate of James J. Sangunitto, Jr., deceased, against the New York Life Insurance Company and Anna Howell Goldey, impleaded. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and HOOKER, JJ.

Jacob Stiefel, for appellant.
Andrew G. Cropsey, for respondent Goldey.

GOODRICH, P. J. James J. Sangunitto, Jr., married the defendant, in New Jersey, in December, 1896. In March, 1901, he obtained from the New York Life Insurance Company a policy on his life, which contained the following paragraphs:

"The said Insurance Company agrees to pay the sum of $622.02 to Anna, wife of the insured, or to such beneficiary duly designated at the Home office of the Company in the City of New York.  *  *  *

"Change of beneficiary:  The insured may at any time during the continuance of this policy provided this policy is not then assigned change the beneficiary or beneficiaries by written notice to the Company, at its Home Office, accompanied by this policy, such change to take effect on the endorsement of the same upon the policy by the company.  If there is no beneficiary living at the death of the insured, the amount then insured by this policy shall be paid to the Executors, Administrators or Assigns of the insured."

Sangunitto died in Savannah, Ga., on November 11, 1901. So far as I can gather from a somewhat confused record, it appears that on November 6, 1901, he wrote to the company as follows:

"Savannah, Ga., Nov. 6th, 1901.

"New York Life Ins. Co.—Dear Sirs:  I have sent my insurance policy to Mrs. Wilson, who will call and have the beneficiary changed to myself (which will be James J. Sangunitto) the reason is I have got a separation from my wife Anna kindly change same and oblige,

"Yours,    [Signed]    James Sangunitto."

This letter was received by the company on November 8th, but the policy was not received by the company till November 12th, the day following Sangunitto's death, and no indorsement was made on the policy.

At the time of the marriage of James and Anna, she was the wife of John M. Goldey. In 1892 she commenced in Pennsylvania an action against her husband for divorce. The record of the proceedings offered in evidence shows that a subpœna was served on Goldey, and that an examiner was appointed, but no other proceedings were had. It was stated by her counsel, and not disputed, that she was informed by her attorney, who afterward absconded, that she had been divorced. It was conceded by the attorney of the plaintiff at the trial that the defendant herein "is the person who was meant by the words Anna, wife."

The action was originally commenced against the insurance company, which interpleaded Mrs. Goldey, paying the amount of the policy into court. This eliminates all question as to the validity of the policy and the designation of Mrs. Goldey as beneficiary (Spencer v. Myers, 150 N. Y. 269, 272, 44 N. E. 942, 34 L. R. A. 175, 55 Am. St. Rep. 675; Clark v. Davenport, 95 N. Y. 477), and leaves for our consideration only the question whether there was any change of beneficiary.

In Garner v. Germania Life Ins. Co., 110 N. Y. 266, 18 N. E. 130, 1 L. R. A. 256, it was held that the beneficiaries named in a policy had a vested interest in such policy, which could not be destroyed by the assured without their consent, and in contravention of their rights. Even were it otherwise, the condition of the policy is that the change of beneficiary shall occur only by written notice to the company at its home office, accompanied by the policy, and indorsement of the same upon the policy. This condition not having been complied with, no change was effected, and the defendant became entitled to the proceeds.

The judgment should be affirmed. All concur.