### WEIDENFELD v. TILLINGHAST.

(Supreme Court, Appellate Term. June 10, 1907.)

BANKRUPTCY—DISCHARGE—SCHEDULED DEBT.

    Under Bankr. Act July 1, 1898, c. 541, § 7, subd. 8, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425], requiring the bankrupt to file a schedule of his property and a list of his creditors, "showing their residence if known, if unknown that fact to be stated," and section 17, subd. a, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], providing that a discharge in bankruptcy shall release a bankrupt from all his proveable debts except such as have not been "duly scheduled," a debt is not duly scheduled when the creditor's office address, instead of his residence, is set forth in the schedule under the designation "residence."

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 775.]

Gildersleeve, P. J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Camille Weidenfeld against Henry W. Tillinghast. From an order (104 N. Y. Supp. 712) denying a motion to cancel the judgment for plaintiff on the ground that defendant was discharged from the debt in bankruptcy, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

B. Benjamin Schiff, for appellant.

Weekes Brothers (Henry A. Forster and Arthur Sutherland, of counsel), for respondent.

PER CURIAM. Order affirmed, with costs and disbursements.

GILDERSLEEVE, P. J. (dissenting). In February, 1904, the appellant herein filed his schedules in bankruptcy. The respondent was among his judgment creditors. The court below denied a motion to cancel the judgment, upon the ground that the respondent had no notice or knowledge of the bankruptcy proceedings and that the debt had not been duly scheduled. The debtor appeals.

During the year 1904 the creditor resided at Oyster Bay, Nassau county, N. Y., and his office or business address was No. 43 Exchange Place, borough of Manhattan, city of New York. The debtor was unaware of the creditor's home address at Oyster Bay, and the schedules filed state his "residence" as No. 43 Exchange Place, borough of Manhattan, N. Y. City. Section 7, subd. 8, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]), requires the bankrupt to file a schedule of his property and a list of his creditors, "showing their residence if known, if unknown that fact to be stated." By section 17, subd. "a," it is provided that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

Since it appears from the record that the creditor in point of fact had no notice or knowledge of the proceeding in bankruptcy, the debt due him was not discharged, unless it was "duly scheduled." Under the circumstances, the burden of proof is upon the debtor to establish the fact that the debt was "duly scheduled." Graber v. Gault, 103 App. Div. 511, 93 N. Y. Supp. 76. The appeal, therefore, presents this question, viz.: Can it be truthfully said that a debt is "duly scheduled" when the office address, instead of the residence, is set forth in the schedule under the designation "residence"? We are unable to find an authority where this question has been definitely determined. The question turns upon the construction of the statute under consideration, and especially upon the definition or interpretation that should be given to the word "residence," as used in section 7, subd. 8, of the bankruptcy act. We are of the opinion that the rule laid down in Spencer v. Myers, 150 N. Y. 269, 44 N. E. 942, 34 L. R. A. 175, 55 Am. St. Rep. 675, for the construction of a statute may be safely followed in the case at bar. It is as follows:

"In the interpretation of statutes the great principle which is to control is the intention of the Legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute, as well as other circumstances. A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter. * * * A reasonable construction should be adopted in all cases where there is a doubt or uncertainty in regard to the intention of the lawmakers."

In Anderson's Law Dictionary we find this definition of "residence":

"The precise meaning depends upon the purpose and phraseology of the particular statute. It may refer to place of business, or domicile, or home."

In the case of C., H. & D. R. R. v. Ives (Sup.) 3 N. Y. Supp. 895, the court said:

"It is extremely difficult to say what is meant by the word 'residence,' as used in particular statutes, or to lay down any particular rule upon the subject. All the authorities agree that each case must be decided upon its own particular circumstances, and that general definitions are calculated to perplex and mislead. It is apparent that the word 'residence,' like that of 'domicile,' is often used to express different meaning, according to the subject-matter."

The United States District Court for the Southern District of New York has adopted a construction of the word "residence" in the rules in bankruptcy established by it, as follows:

"Rule 1. * * * The schedules, as respects creditors in the city of New York, should state the street and number of their residence, or place of business, so far as known."

In Matter of Pulver, Fed. Cas. No. 11,466, a case arising under Bankr. Act March 2, 1867, c. 176, § 11, 14 Stat. 521, where the provision was as follows: "* * * The place of residence of each creditor, if known to the debtor"—it was held by Judge Blatchford that the act intends "such a statement of residence as will insure notice to the creditors either personally or by mail." In Columbia Bank v. Birkett, 174 N. Y. 116, 66 N. E. 653, 102 Am. St. Rep. 478, it was held that:

"The decree discharging the voluntary bankrupt should be confined in its operations to the creditors who had been duly listed, or who were enabled to receive the notices."

The statute in question is remedial, and should be construed with a view to effect its object. That object manifestly is that creditors shall receive notice of the proceedings, in order that they may take such action as they desire. We think the foregoing authorities sustain the contention of the appellant that the word "residence," as used in Bankr. Act 1898, § 7, subd. 8, means such a statement of "residence" as will insure notice by mail to the creditor. We hold that, in using the word "residence," the lawmakers intended thereby a place where the creditor would be most likely to receive mail matter directed to him, and that the business address meets the requirements of the statute.

Order should be reversed, with costs and disbursements, and motion granted, with costs, with leave to appeal to Appellate Division, First Department.