THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS TAVE, Relator, *v.* LEO J. PALMER, Superintendent of State Reformatory for Women at Bedford, Respondent.*

Supreme Court, Westchester County, December 23, 1927.

Habeas corpus — proceedings reviewable — error upon hearing cannot be reviewed by habeas corpus — commitment of relator adjudged " wayward minor " (Code Crim. Proc. § 913-c) to reformatory for women at Bedford was improper — State Charities Law, § 226, and Code of Criminal Procedure, § 913-a et seq., must be construed together.

On a writ of habeas corpus the court will not review alleged errors by the committing magistrate upon a hearing before him.

The commitment of the relator to the New York State Reformatory for Women at Bedford was improper, since she was adjudged a " wayward minor " under section 913-c of the Code of Criminal Procedure. If the State Charities Law, section 226, were strictly construed, it might permit committing the relator to that institution, still, reading the Code of Criminal Procedure, section 913-a

---

* Affd., 223 App. Div. ·777.

*et seq.*, with said section, the conclusion is that it was not the intention of the Legislature that a child should be committed to that institution, to which women convicted of petit larceny, vagrancy, drunkenness, etc., are committed.

HABEAS CORPUS to secure release of Sadie Tave from custody of respondent.

*Stewart Maurice*, for the relator.

*Albert Ottinger, Attorney-General* and *Henry C. Henderson, Deputy Attorney-General*, for the respondent.

TAYLOR, J. The relator claims that rights of Sadie Tave were invaded upon the hearing before the learned city magistrate who signed the commitment. If such errors exist, they may be reviewed only upon appeal from the determination. (Inferior Criminal Courts Act [Laws of 1910, chap. 659], § 94.) The writ of habeas corpus is not efficient for the purpose. (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46.) The question here is whether the commitment by virtue of which said minor is detained by the respondent is sufficient upon its face to warrant her detention. Reading the document in the light of section 913-a *et seq.* of the Code of Criminal Procedure (Laws of 1923, chap. 868, as amd. by Laws of 1925, chap. 389), I determine that it is regular, and not questionable, in all respects except as to the institution to which Sadie Tave was committed upon being adjudged a " wayward minor," " not a fit subject for probation." (Code Crim. Proc. § 913-c.)

The magistrate had jurisdiction to commit her " to any religious, charitable or other reformative institution authorized by law to receive commitments of persons over the age of sixteen years." (Code Crim. Proc. § 913-c.) The commitment in question is to the New York State Reformatory for Women at Bedford, which is recited as being " a reformative institution authorized by law to receive commitments of females over the age of 16 years." Strictly speaking, such institution appears to be so authorized. (State Charities Law, § 226, as amd. by Laws of 1923, chap. 26; and see its predecessor, § 146 of former State Charities Law [Laws of 1896, chap. 546], as amd.)

However, a strict and literal interpretation of a statute is not always to be adhered to; a reasonable construction should be adopted in all cases where there is doubt or uncertainty in regard to the intention of the lawmakers. (*Topham* v. *Interurban Street R. Co.*, 96 App. Div. 323; *Matter of Board of Rapid Transit R. R. Comrs.*, 128 id. 103.) Females who may be so committed to Bedford are still limited to those specified in the present State Charities Law (§ 226), as amended; no specification therein covers the case of an adjudged " wayward minor." (Code Crim. Proc. § 913-a *et seq.*)

The said State Charities Law provisions and the said provisions of the Code should be read together and that construction placed upon them which will harmonize them. (See [for principle] *Davis* v. *Supreme Lodge, Knights of Honor*, 165 N. Y. 159, 166.) I am of opinion and determine that, notwithstanding the strict letter of section 913-c of the Code of Criminal Procedure, the legislative intent was *not* to authorize the commitment of a " wayward minor " to Bedford, where she would be in association with females thereto committed upon conviction of " petit larceny, vagrancy, *  *  * habitual drunkenness, of being a common prostitute, or frequenting disorderly houses or houses of prostitution, or of a misdemeanor." (State Charities Law, § 226, as amd. by Laws of 1923, chap. 26.) Literal construction of section 913-c of the Code of Criminal Procedure should not be had when it would lead to the manifest injustice (*Miller* v. *Maujer*, 82 App. Div. 419), which would result if, as in the instant case, a wayward minor were detained in an institution to which those specified in section 226, *supra*, were committed.

The detention of Sadie Tave by the respondent is illegal, as I determine that the magistrate was without jurisdiction to commit her, a " wayward minor," to the reformatory at Bedford. The writ is sustained and the discharge of Sadie Tave from the custody of the respondent is directed. Settle order on notice before me at Mt. Vernon, N. Y.