PIERRE J. HUSS, Appellant-Respondent, v. MARIANNE HUSS, Respondent-Appellant; JOSEPH FELICE, Respondent.— In our opinion, the wife, who has not been awarded a separation, is not entitled to the exclusive possession of the house owned by them as tenants by the entirety. When the marital status has been left unimpaired by the court, the court may not at the same time vest her with the power to keep her husband out of his own home and compel him to pay for its upkeep. It was error for the judgment to so provide. Ughetta, Acting P. J., Brennan and Hopkins, JJ., concur; Hill, J.,

dissents and votes to affirm the judgment in its entirety, with the following memorandum: In this matrimonial action brought by the husband for absolute divorce, in which the wife counterclaimed for separation from bed and board, the learned Trial Justice, after a five-day nonjury trial, found that neither party had proved a case as against the other and therefore dismissed both the complaint and the counterclaims. The Trial Justice did, however, render a judgment compelling the husband to support the wife and children pursuant to section 1164 of the Civil Practice Act, which reads as follows: " § 1164. Maintenance of wife and children in action for separation. Where an action for separation from bed and board is brought by the wife, the court, in the final judgment of separation, may give such directions as the nature and circumstances of the case require. In particular, it may compel the defendant to provide suitably for the education and maintenance of the children of the marriage and for the support of the plaintiff, as justice requires, having regard to the circumstances of the respective parties. And the court, in such an action, may render a judgment compelling the defendant to make the provision specified in this section where, under the circumstances of the case, such a judgment is proper, without rendering a judgment of separation." As part of the support order the court granted to the wife and children " sole possession, use and occupancy of the family residence " owned by the husband and wife as tenants by the entirety, pursuant to section 1164-a of the Civil Practice Act, which reads as follows: " § 1164-a. Occupancy of real property. In an action for separation the court, by order or in the judgment of separation, may give such directions as the nature and circumstances of the case require with respect to the occupancy of real property held by the parties under a tenancy by the entirety." The majority of my associates have concluded that the Trial Justice is *without power* to grant sole occupancy of the family residence, owned as tenants by the entirety, to the wife and children, absent a judgment of separation. With this conclusion we cannot agree. This action was bitterly contested on both sides. It is self evident, as the learned Trial Justice indicated, that there is little likelihood of the parties ever resuming their marital relationship. The interests of the two minor children are paramount. The family dwelling is their natural home and should be maintained as such, as determined by the Trial Justice. If the Legislature had intended that only the winner should be given sole occupancy of the dwelling, when owned as tenants by the entirety, it would have said so; instead it declared merely that with respect to the occupancy of such property the court may give such directions " as the nature and circumstances of the case require " (Civ. Prac. Act, § 1164-a). The Legislature made clear that a positive adjudication with respect to the real property is just as important as a positive adjudication for maintenance of the wife and children. Indeed, one is a part of the other. It is common knowledge that when husband and wife come to the parting of the ways reason vanishes. This sad fact was recognized by the Law Revision Commission in recommending passage of section 1164-a of the Civil Practice Act (1953 Report of N. Y. Law Rev. Comm., pp. 485–586). In its recommendation the commission stated (pp. 485–486): " It is not overlooked that one vindictive spouse may, as one step in a domestic feud, seek to embarrass the other by making a lease or conveyance of an interest in premises held as tenants by the entirety so as to create endless confusion and trouble. * * * " The Commission believes that the court, in an action for a separation, should be authorized to give such direction as the circumstances of the case require with respect to occupancy of real property held by the parties as tenants by the entirety. The statute should authorize such directions *either in the judgment, or by order,* so that relief can be given for situations that may exist during the pendency of the action as well as following

the judgment. The direction, like directions for support, should be subject to modification at any time." (Emphasis supplied.) Public policy and legislative intent should be taken into consideration in interpreting statutes (*Walton* v. *Cotton,* 19 How. [60 U. S.] 355). Section 1164-a of the Civil Practice Act was passed long after section 1164 of the Civil Practice Act. By enacting section 1164-a the Legislature clearly intended that in a separation action the court should exercise its equity powers with respect to real property "without rendering a judgment of separation" in favor of either party. Section 1164 of the Civil Practice Act makes no distinction between a separation action in which "formal judgment of separation" is rendered, and one which is terminated "without rendering a judgment of separation." It is also the rule in statutory construction that a strict and literal interpretation is not always to be followed (*Spencer* v. *Myers,* 150 N. Y. 269, 275). In *Spencer* v. *Myers* (*supra*) quoting from *People ex rel. Wood* v. *Lacombe* (99 N. Y. 43) it was said: "'In the interpretation of statutes, the great principle which is to control is the intention of the legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute as well as other circumstances. A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter. It is the spirit and purpose of a statute which are to be regarded in its interpretation; and if these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even although such construction is contrary to the literal meaning of some provisions of the statute. A reasonable construction should be adopted in all cases where there is a doubt or uncertainty in regard to the intention of the law makers. These general rules are upheld by numerous authorities.' (*People ex rel. v. Davenport,* 91 N. Y. 574; *People ex rel. v. Coleman,* 121 N. Y. 542; *Smith* v. *People,* 47 N. Y. 330.)" It may also be observed that in view of the disjunctive language used in section 1164-a of the Civil Practice Act, namely, "the court, by order or in the judgment," this statute is sufficiently broad, even if interpreted literally, to uphold the decretal provisions of this judgment with respect to the real property. It follows that the judgment should be affirmed, without modification. Kleinfeld, J., concurs with Hill, J.