Eugene F. Sullivan, J.
This is an application by George H. Van Lengen, chairman of the Onondaga County Democratic Committee, and a resident and enrolled voter in the Second Assembly District, Town of Onondaga, for an order to direct the Town Board of the Town of Onondaga to designate a place for the registration and election of the voters in the Fourth Election District in said town, other than the place heretofore designated by said board, namely, the property of the above-named respondent, Joseph B. Rothwell, which property is located at 6138 South Salina Street, in said town, and to restrain the rsepondents, the said Joseph B. Rothwell and John H. Terry, who now holds, and is presently a candidate for, public office, from using the afore-mentioned premises as an office, in contravention to subdivision 7 of section 66 of the Election Law, which reads: “ 7. Polling places on property held by public officers or candidates prohibited. No polling place shall be located on premises owned or leased by a person holding public office or who is a candidate for public office at a primary or general election. ’ ’
(Since no relief is sought by the petitioner against the respondent, Board of Elections of the County of Onondaga, this proceeding against it is dismissed.)
It is undisputed that Rothwell is the owner of the afore-mentioned premises, which is located in the Fourth Election District, Second Assembly District, and that these premises include a store, which fronts on Salina Street and access to which is from said .street (photos, Exhibits 1 and 4) and which store has been continuously occupied and used by respondent, Terry, since on or about January 1, 1963, as an office in the performance of his business as the elected Assemblyman from the Second Assembly District; that, .since Terry has been designated or nominated by his party to run for re-election at the general election on November 3, 1964, his name will be .on the ballot of the voting machine which will be used by the voters in the district, and which voting machine will be installed for the use of the voters in the room or store which is now used and occupied by Terry in his role as Assemblyman, which is, of course, a public office.
It also appears that, in a plate-glass window in the front of *481 the subject premises, and which faces the street, there is a sign which reads “ John H. Terry Member of the Assembly Second District Onondaga County ’ ’ and above this window on the outside of the building is a sign which reads: “ Office of John H. Terry Assemblyman ” (Exhibits 1, 4, 5, 6). In the space inside of the building is a desk, chair, filing cabinet, table with two chairs, bookcase, books, cartons, picture of Assemblyman Terry and upwards of a dozen pictures of officers and persons affiliated with the same political party as is Terry (Exhibits 2, 3). In the 1963-1964 and 1964-1965 Syracuse Telephone Directory, the name of John Hart Terry is listed with the identification “ Assembly Ofc. ’ ’, the afore-mentioned address and a telephone number. '
This store, room or floor space was used as a polling place in the 1963 general election but the foregoing mentioned signs and pictures were removed or covered over and the office furniture and supplies were placed in the corner or corners of the subject premises while it was in use as a polling place.
Rothwell and his wife reside on the second floor of the building in which the subject premises is located. The only access from Salina Street to Rothwell’s living quarters is through the store.
Respondent Terry, in his answering affidavit herein and Roth-well in his testimony at the hearing, state that the arrangement between them is that Rothwell would permit Terry to use the store, without the payment of rent or any remuneration or consideration ; that ‘' an oral or written lease has never existed ’ ’; that Terry’s use of the store is until such time when Rothwell rents the premises or finds another use for it; that Terry “ is aware that his use of the premises is at the will of Rothwell ”, who “ has free and ready access to the entire store ”; that Roth-well uses the store and any furniture in it for his own use in the conduct of his business.
(Petitioner seeks, in this proceeding, an order from this court to restrain the Respondents, Terry and Rothwell, from using the premises at 6138 South Salina Street, Town of Onondaga, as an office for Terry so long as such location is to be used as a place for the registration and election of voters during the year 1964. From the facts herein, this court holds that it has no authority to restrain Rothwell from the use of his property, nor to direct Terry to terminate his use and occupancy of the store, even though he is a public officer. The petition is dismissed as against the respondents, Joseph B. Rothwell and John H. Terry.)
On June 3,1964, the Town Board designated the store at 6138 South Salina Street, which was ‘ ‘ occupied ’ ’ by Terry as the polling place for the forthcoming registration and election days.
*482 Petitioner advised the Town Board that such designation violated subdivision 7 of section 66 of the Election Law because of Terry’s — a public officer — occupancy of the designated premises.
In an answering affidavit, the Supervisor of the Town of Onondaga stated that the designation of the premises by the Town Board was made after careful study and consideration of all the facts, including desirability of a convenient and centrally located polling place for the election district, as well as the possibility of a conflict with subdivision 7 of section 66 of the Election Law and that the Town Board concluded that the designated premises would not conflict with the afore-mentioned provision of the Election Law.
The legal counsel for the Town Board, in an affidavit, expressed an opinion that the location of the polling place at the premises designated by the Town Board and occupied by Terry, ‘ ‘ under the conditions and circumstances did not conflict with the Statutory provision (Election Law, Section 66, sub-division 7, supplied), since John H. Terry was neither owner, nor lessor, nor lessee of the premises.”
It is this court’s opinion that the section is not limited in its application to polling places located on premises owned or leased by a person holding public office or who is a candidate for public office because the “ title ” of subdivision 7 of section 66 of the Election Law prohibits polling places on property “held” by public officers or candidates for public office.
In Black’s Law Dictionary (4th ed., 1951) “ held ” refers to “ hold ” for definition. In paragraph “ 8 ” under “ hold ”, it is defined: “To possess; to occupy; to be in possession and administration of ”.
In Funk & Wagnalls New Standard Dictionary (1960), “ hold ” is defined:
“ To retain the ownership or control of; keep as one’s own, or simply to own or control; possession; occupy; have. ’ ’
“ [T]he title of an act must not be disregarded in the interpretation of a statute (Broderick v. Weinsier, 253 App. Div. 213, at page 219, * * * affirmed 278 N. Y. 419 * * *) for, although the character of a statute is determined by its provisions and not by its title, ambiguity and doubt may be resolved by resort to the title (People v. O’Brien, 111 N. Y. 1, at pages 59, 60 * * * ), and where it is not the meaning of the language itself that is sought but the purpose and intent of the Legislature, the title is very important. [Emphasis supplied.] People ex rel. Westchester Fire Ins. Co. v. Davenport et al., 91 N. Y. 574 at page 585; People ex rel. Collins v. Spicer, 99 N. Y. 225 at *483 page 233 * * *; Bell v. The Mayor, etc., of New York City, 105 N. Y. 139, at page 144 ”. (Panzer v. Horan, 83 N. Y. S. 2d 887, 892-893.)
Under date .of March 26, 1952, Assemblyman Harold D. Toomey, the sponsor of subdivision 7 of section 66 of the Election Law, wrote to the then Governor’s Counsel, with respect to this bill: “ The purpose of the bill is to prevent public office holders and candidates for public office to have the polling place at a primary or general election on his own property. The Utica investigation showed that many times candidates would have polling places in their garage and kitchen, as a result of which considerable influence was forced upon the voters.” (Letter in “ Bill Jacket Collection, N. Y. State Library, Legislative Reference Library ” and quoted in letter, Exhibit “ B ”, attached to Terry’s answering affidavit.)
It would seem that the legislative intent, by this statute, is to prohibit not only the designation of a polling place which is owned or leased by a public officer or by a candidate for public office but also to have the prohibition apply to a designated place which is held, occupied and used by a public officer or by a candidate for public office for the business of his office, no matter under what agreement, deal, arragnement, proviso, right, circumstance, etc., the designated place is so occupied and used by the officer or candidate. Otherwise, the purpose of the statute could be thwarted and its prohibition circumvented.
Could not the same “ considerable influence ” be “ forced upon the voters ” if the designated polling place is occupied and held by a public officer or a candidate for public office for his business, even though he were not the owner or lessee of the premises? The large majority of the voters would only know or recognize that the polling place is the candidate’s.
Perhaps, by a technical interpretation of the subject statute, especially the word “ leased ”, the instant matter is not within the statute but ‘' A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter. It is the spirit and purpose of a statute which are to be regarded in its interpretation ”. (Spencer v. Myers, 150 N. Y. 269, 275.)
Also, “Public policy and legislative intent should be taken into consideration in interpreting statutes (Walton v. Cotton, 19 How. [60 U. S.] 355) ’ ’ cited in Huss v. Huss (15 A D 2d 941, 943).
Without begging the question of the meaning of the word ‘' lease ’ ’, as used in the statute, the following definitions may be helpful: “ Any agreement which gives rise to relationship of *484 landlord and tenant. Any grant of permissive use. Conveyance of interest in real property for specified period or at will”. (Black’s Law Dictionary [4th ed., 1951] p. 1035.)
In Words and Phrases (vol. 24, p. 465) it reads: “ No particular words are necessary to create a lease, and whatever is sufficient to explain the intent of the parties that one shall divest himself of the possession, and the other come into it, for a determinate time, amounts to a lease. ’ ’
Id. at page 197,1964 Supplement: “ [I]n the case of a ‘ lease ’ or ‘ license ’, owner retains ownership of property, but permits another to use it for a limited time or purpose.”
“ The words ‘ lease ’, ' lessor ’ and ‘ lessee ’ are applicable to tenancies at will as well as to tenancies under written leases.”
(For construction and interpretation of statutes, see McKinney’s Cons. Laws of N. Y., Book T, Statutes, §§ 71, 76, 91, 92, 95, 96.)
This court finds and holds that subdivision 7 of section 66 of the Election Law prohibits the location of the polling place for the Fourth Election District, Second Assembly District, Town of Onondaga on the premises at 6138 South Salina Street, Town of Onondaga, owned by Joseph B. Rothwell and held, occupied and used by Assemblyman John H. Terry as an office for the conduct of his business as such public officer, and that the Town Board of the Town of Onondaga, by an error of law, designated the place at 6138 South Salina Street, Town of Onondaga, for the meeting for the registration of voters and the election for the year following the ensuing first day of October, and that the Supervisor of the Town of Onondaga shall call and convene a meeting of the Town Board of the Town of Onondaga, and the members thereof .shall attend, at the earliest possible date, for the purpose of designating another polling place for the Fourth Election District, Second Assembly District in the Town of Onondaga, other than the place heretofore designated by said board at 6138 South Salina Street in said town.