# CASES ADJUDGED

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

IN THE MATTER OF THE WILL OF JOHN KELLUM, deceased.

(GENERAL TERM, SECOND DEPARTMENT, SEPTEMBER, 1872.)

The provisions of the Revised Statutes (§ 30, 2 R. S., 61), under which the next of kin may contest the probate of wills of personal property, are inapplicable to wills which dispose of both real and personal property; they relate to wills, exclusively, of personal estate.

THIS was an appeal from an order of the surrogate of Queens county, dismissing proceedings upon the return of a citation issued in due form of law under 2 R. S., 61, § 32, on allegations against the validity of the will of John Kellum, deceased, and the competency of the proof thereof.

The will had been established as a will of real and personal estate, and consisted of a single provision in favor of the widow of the deceased, as follows, viz.: ·

" I give, devise and bequeath unto my beloved wife, Hannah Kellum, and to her heirs and assigns forever, all my property and estate of every nature and description whatsoever, and constitute and appoint her executrix of this my will, revoking hereby all other and former wills by me made."

Upon return of the citation, objection was made to the juris-

diction and authority of the surrogate to revoke the probate of the instrument under the statute, inasmuch as the paper propounded and established contained provisions for the disposal of both real and personal estate. The objection was sustained, and the surrogate dismissed the proceedings.

*Philip S. Crooke*, for the appellant. The probate was effective as that of a will of personal property. (Laws 1837, chap. 460, §§ 18, 19; *Vanderpoel* v. *Van Valkenburgh*, 6 N. Y., 190; Burrill's Law Dict., Will; *Campbell* v. *Logan*, 2 Bradf., 90; Willard on Ex'rs, 63; *Collier* v. *Idley's Ex'rs*, 1 Bradf., 94–98; *Mason* v. *Jones*, 2 id., 181, 325.) The object of the statute was to allow contest of a will after probate on allegations before the surrogate in regard to the personal, and in a trial at law in regard to the real estate.

*R. Ingraham*, for the respondent.

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT J. The decision of this case depends upon the proper construction of § 30, art. 2, title 1, chap. 6, part 2, of the Revised Statutes. (2 R. S., 61.) By that section it is provided that " notwithstanding a *will of personal property* may have been admitted to probate, any of the *next of kin* to the testator may at any time within one year contest the same or the validity of such will."

It is contended by the appellant that inasmuch as the will of the testator embraced personal as well as real property, it is a will of personal property within the meaning of this statute. We are of a contrary opinion. Title 1, of chap. 6, in which the provision in controversy is contained, has this heading or inscription : " Of wills and testaments of real and personal property, and the proof of them." This title is divided into three articles, the headings or inscriptions to which are as follows, viz. : "Article 1. Of wills of real property and the *proof* of them. Article 2. Of wills of per-

sonal property and the *probate* of them.    Article 3. General
provisions applicable to wills of real and personal property."
These headings or inscriptions are not titles of the acts in the
sense which brings them within the rule that the title of an
act cannot control the words contained in the body of the
statute, but are rather parts of the statute itself limiting and
defining its effect.    (*People* v. *Molineux*, 53 Barb., 9 ; S.
C., 40 N. Y. R., 113.)    Under this rule of construction,
wills of real property are expressly excluded from the opera-
tion of the second article of the statute under consideration.
The heading to that article is equivalent to an explicit declara-
tion that the provisions thereof shall be applicable to wills
of personal property only, and shall not embrace wills
whereby real property is devised.

Such, evidently, was the intention of the legislature, as is
shown by the different provisions relating to the proof of
wills of real and wills of personal property, the legal effects
of the probate of each, and especially by the omission of a
provision requiring notice to the heirs or devisees of the
proceeding to contest the will, after the probate thereof.    It is
unnecessary to refer to those provisions particularly, but it
will be sufficient to say that on the probate of a will of per-
sonal property, the next of kin only were required to be cited
to attend the probate, whereas, in the case of a will of real
estate, notice of the application for the proof thereof was
required to be served upon the heirs of the testator.    The
notice to the next of kin was to be by the personal service of
a citation six days before the day appointed, if within the
county, and if not within the county, by a publication of the
citation two weeks, in a newspaper designated by the surro-
gate.    The notice to the heirs was to be personally served
upon those residing in the county fifteen days ; upon those
residing in the State, but not in the county, twenty days pre-
vious to the application ; and upon such heirs as could not
be found in the State or did not reside therein, twenty days
previous to the application, or by publishing it six weeks in
the State paper.    A will of personal property was admissible

to probate on the testimony of a single witness, whereas, on the proof of a will of real estate, all the witnesses to the will were required to be produced and examined, if alive and within the State. The probate of a will of personal property was made conclusive evidence of the validity of the will, while in the case of a will of real estate the probate was not conclusive, but the validity of the will was subject to construction afterward, in an action at law.

It was the conclusive effect of the probate of the will of personal property that induced the enactment of the section of the statute under consideration, for the purpose of affording to the next of kin, who had not been notified of the probate, an opportunity to contest the validity of the will and to have the probate thereof revoked. (See revisers' notes, 5 Edm. Stat., 626.) The proceeding which the statute provides for this purpose is inapplicable to a will of real and personal property, for there is no provision for any notice of it to heirs or devisees. It would be monstrous to give a construction to the statute whereby the interests of such persons could be cut off summarily, without any notice to them of such proceeding.

One observation more. The necessity supposed to exist at the time of the passage of the enactment in question, seems to have been superseded by subsequent alterations made by the legislature of the law relating to the proof and recording of wills. The law, as it now stands, prescribes the same mode of proceeding and proof in respect to wills of personal as to wills of real property, and provides also for the recording of wills of personal property. (Laws 1837, 524, *et seq.*, §§ 5–18.) This statute also provides that whenever any will shall be recorded as a will of real estate, it shall not be necessary to record the same as a will of personal property. (Id., § 19.) By chapter 182 of the Laws of 1846, amended by chapter 748 of the Laws of 1869, any will of real estate proved before the surrogate may be recorded in the clerk's office as a conveyance, and this record is made evidence of the will.

The consequence of holding the section of the Revised Statutes to be applicable to wills of real and personal property would be to impair, if not to destroy, the efficacy of these records. For the surrogate is required, in case he decides, upon the hearing of the proceeding mentioned in that section, against the validity of the will, or that it has not been sufficiently proved to have been the last will and testament of the testator, to annul and revoke the probate thereof. (2 R. S., 62, § 35.) This course of legislation is indicative of the legislative intent, and tends to strengthen our conviction that the construction put on the statute in question by the surrogate was correct.

The decree appealed from is, therefore, affirmed, with costs.