# SUPREME COURT — SPECIAL TERM — SCHOHARIE COUNTY.

## October, 1918.

## THE PEOPLE ex rel. DANIEL WATSON, Jr. v. PORTER O. LAMPHIER.

### (104 Misc. 622.)

(1.) NEW TRIAL—WHEN ORDERED IN COUNTY COURT—CODE OF CRIMINAL PROCEDURE, § 768.

Under section 768 of the Code of Criminal Procedure, as amended in 1915, the County Court, upon reversing a judgment of a Court of Special Sessions convicting defendant of petit larceny, has no discretionary power to order a new trial before the court where the conviction was had, but the new trial, if ordered, must be had in the County Court.

(2.) WRIT OF PROHIBITION—APPEAL.

Where, after the judgment of conviction had been reversed and a new trial ordered, the justice of the peace, who had convicted relator, by telephone commanded him to appear for trial on the original warrant, relator, pending an adjournment of the proceedings before said justice will be granted an alternative writ of prohibition commanding him to desist and refrain from any and all further proceedings on the information and warrant and from proceeding with the trial of relator thereon.

APPLICATION for an alternative writ of prohibition.

*Heaton & Mambert* (*Alvin E. Mambert,* of counsel), for petitioner.

*Frederick C. Filley, Assistant District Attorney,* for respondent.

NICHOLS, J.:

The relator, Daniel Watson, Jr., was convicted of the crime of petit larceny by Porter O. Lamphier, the respondent, a

8

justice of the peace of the town of Berlin, Rensselaer county, sitting as a Court of Special Sessions, December 18, 1917. The relator appealed from the judgment of conviction to the County Court of Rensselaer county, and the County Court reversed the judgment of conviction on the law and the facts and ordered a new trial May 18, 1918. Thereafter, on the 7th day of August, 1918, the said Porter O. Lamphier, justice of the peace as aforesaid, telephoned to the relator, commanding him to appear before said justice on the 7th day of August, 1918, for trial on the original warrant. Various proceedings were then had which resulted in an adjournment of the action to the 16th day of August, 1918, whereupon the relator made an application to this court for an alternative writ of prohibition commanding said Porter O. Lamphier, as justice of the peace of the town of Berlin, N. Y., to desist and refrain from any and all further proceedings on said information and warrant of arrest and from proceeding with the trial of the petitioner thereon.

Section 768 of the Code of Criminal Procedure formerly read:

" § 768. If new trial ordered; to be had in county court, etc. If a new trial be ordered, it must be had in the county court, in the same manner as upon an issue of fact on an indictment; and that court may proceed to judgment and execution, as in an action prosecuted by indictment. But where the appeal was from a judgment of commitment made under section four hundred and eighty-six of the Penal Law, the new trial shall be had before the county court without a jury."

This section was amended by, chapter 580 of the Laws of 1915 so as to read as follows:

" § 768. If new trial ordered, to be had in county court, et cetera. If a new trial be ordered, it may be had in the county court in the same manner as upon an issue of fact or an indictment; and that court may proceed to judgment and execution, as in an action prosecuted by indictment, except that in the city

of New York, such new trial may be had, in the discretion of the court reversing the judgment of conviction, in the magistrates' court wherein the defendant was convicted, or in the court reversing the judgment, with or without a jury. Where the appeal was from a judgment of commitment made under section four hundred and eighty-six of the penal law, the new trial shall be had before the county court without a jury."

The relator upon the argument for the alternative writ of prohibition insists that the provisions of section 768 as now in force require the new trial to be had in the County Court; while the respondent insists that, the new trial having been ordered, it was in the discretion of the County Court to have the trial in the County Court in the same manner as upon an issue of fact on an indictment and that the court not having exercised that discretion and ordered the new trial to be had, the trial of the cause was remitted before the magistrate who held the trial in the first instance, sitting as a Court of Special Sessions, and operated, in effect, the same as though a new information had been filed and a new warrant issued against the relator.

By the amendment of 1915, the word " may " be had in the County Court was substituted for the word " must." While ordinarily the use of the word " may " as used in this statute is permissive and would confer discretion upon the County Court to either order the new trial to be had in the County Court or in the magistrate's court where the former conviction was had, yet, in this instance, it seems to me to be clearly mandatory and means " must " be had in the County Court. Before the amendment, the heading of this section read: " If new trial ordered, to be had in county court, etc."

The heading of the amended statute reads, " If new trial ordered, to be had in county court, et cetera."

" These headings or inscriptions are not titles of the acts in the sense which brings them within the rule that the title of an act cannot control the words contained in the body of the statute,

but are rather parts of the statute itself limiting and defining its effect." (Matter of Kellum, 6 Lans. 3; People v. Molineux, 53 Barb. 9; People ex rel. Commonwealth Ins. Co. v. Coleman, 121 N. Y. 542; Rosin v. Lidgerwood Mfg. Co., 89 App. Div. 245.)

In section 768, as amended, the 2d clause provides that in the city of New York such new trial may be had in the discretion of the court reversing the judgment of conviction in the magistrate's court wherein the defendant was convicted or in the court reversing the judgment with or without a jury; while in the 1st clause nothing is said about the discretion of the court reversing the judgment of conviction; thereby, by implication at least, showing that the Legislature, while it used the word " may " in each of said clauses, did not empower the County Court (except in the city of New York) with the discretion of remitting the trial to the magistrate's court where the conviction was had. If it did that, the words in the 2d clause, " in the discretion of the court reversing the judgment of conviction," are entirely superuflous and mean nothing, so, in my opinion, the Legislature, in using the word " may," in the 1st clause, used it in the sense of " must."

Even if the court had discretion upon the reversal of the judgment to remit the case for trial to the magistrate's court, under the circumstances of this case there was no remittitur. The judgment of conviction simply says, after stating that the judgment of conviction is reversed on the law and the facts, " and a new trial ordered." It does not state in what court, either in the magistrate's court or in the County Court. If the new trial is in the County Court, it was not necessary to state the time and place of trial because the statute provides that if the trial be had in the County Court it shall be in the same manner as upon an issue of fact on an indictment. While if the trial be had in the magistrate's court, where there are no stated terms of court, the order should provide the time and

place of the trial. So that if the trial by a judgment of reversal was remitted to the magistrate's court, it would be necessary to provide either in and by the judgment of reversal, or by some subsequent proceeding, the time and place of trial in the magistrate's court. Section 769 of the Code of Criminal Procedure provides: " § 769. Proceedings to carry judgment upon appeal into effect, to be had in the county court. If any proceedings be necessary to carry the judgment upon the appeal into effect, they must be had in the county court," showing that under the circumstances of this case this action is still pending in the County Court of Rensselaer county.

An alternative writ of prohibition is hereby awarded the relator.

Application granted.