THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACK RUBENSTEIN, Appellant, against WARDEN OF THE CITY PRISON, NEW YORK, Respondent.

First Department, November 13, 1951.

*Eugene Gold* for appellant.

*Charles W. Manning* of counsel (*Richard G. Denzer* with him on the brief; *Frank S. Hogan, District Attorney*, New York County), for respondent.

*Per Curiam.* This is an appeal by relator from an order of Special Term dismissing a writ of habeas corpus. The proceeding was brought to challenge an increase of bail from $15,000 to $50,000.

Relator was arrested on July 31, 1951, charged with fixing college basketball games. He was described by the assistant district attorney upon the arraignment as being one of a lower echelon involved in the basketball scandal, and in consideration of his indicated co-operative attitude the District Attorney recommended that bail be fixed in the amount of $15,000. The Magistrate, however, set bail in the amount of $25,000, which was almost immediately reduced to $15,000 by a Judge of the Court of General Sessions upon the application of the District Attorney.

Relator was thereafter indicted and on August 21, 1951, bail was fixed by a Judge of the Court of General Sessions in the amount of $15,000.

Subsequently the District Attorney's office perceived that the relator was not co-operating but was actually impeding the investigation and, according to their view, not telling the truth. Relator was then brought before another Judge of the Court of General Sessions, and upon the assistant district attorney's assertion of the relator's demonstrated insincerity and lack of co-operation, the observation that relator had received threats from criminal associates and had been indicted upon a similar charge in the State of Illinois, and the expressed concern of the District Attorney as to relator's availability in the future, bail was raised to $50,000 and relator committed to prison in default of bail.

Bail is to assure the appearance of a person at an appointed time. The amount of bail must be determined by the seriousness of the offense with which a defendant is charged and his likelihood of being available or not being available when required.

It would be an abuse of the office of bail if it were employed to influence a defendant's attitude or action with respect to co-operating with the District Attorney.

Also, while reason is given for making the application to increase bail to a judge other than the one who fixed it originally after the indictment, that approach is open to the criticism which is leveled at it, and we feel impelled to point out once more that in the absence of compelling circumstances to the contrary any application to change bail should be made to the same judge who fixed it originally.

The record before us warrants sustaining the writ and directing that bail be fixed at $15,000. The order should be reversed. Settle order on notice.

DORE, J. (dissenting). I agree that " co-operation " is not a proper basis for fixing bail but the record shows that new facts justifying a substantial increase in the bail were presented to the second judge in the absence of the first judge who was not sitting. These facts had a serious bearing on the likelihood of defendant's appearance and could properly be considered and warrant a substantial increase in the amount of bail. The increase was in the exercise of the learned court's common-law discretion on the basis of new and additional facts. With that discretion on this record, I think we should not say the increase was arbitrary.

Accordingly I dissent and vote to affirm.

PECK, P. J., GLENNON, COHN and CALLAHAN, JJ., concur in *Per Curiam* opinion; DORE, J., dissents and votes to affirm, in opinion.

Order reversed, the writ sustained and bail fixed at $15,000. Settle order on notice.