Abraham N. Geller, J.
This is a writ of habeas corpus brought on behalf of an infant who is in detention in the Bronx Youth House after a determination following a fact-finding-hearing that she is a person in need of supervision. The specific charge was violation of a prior probation order based on her mother’s petition alleging continued truancy, late hours and difficult behavior at home. She was remanded to the Youth House to December 14,1964 pending further evaluation and possibility of placement in Brooklyn with her mother’s friends. Then on December 14, 1964 the remand was continued to January 6,1965.
Her law guardian, relying on the provisions of the Family Court Act, challenges the right to detain her for any period of time and also the extent of the detention.
Under section 739 of the Family Court Act the Family Court may exercise its discretion to direct detention if it finds either a substantial probability of nonappearance on the return date or serious risk of the commission of an act which if committed by an adult would constitute a crime. The order of the court merely states: “Finding made.” However, it was indicated on the argument that the basis for detention was the first ground.
As I stated in People ex rel. Massallo v. Poland, decided December 11, 1964, it would be better practice that an express finding be stated on the record justifying detention. Here, under the circumstances that this was a violation of probation on the mother’s petition and proof as to difficult and uncontrollable behavior at home with prolonged truancy, the Family Court would appear to have reasonably exercised its discretion.
However, the court exceeded its powers with respect to the length of detention. Under section 749 of the Family Court Act the court may set a dispositional hearing down for a period of not more than 10 days after a fact-finding hearing if the respondent is detained, and on the adjourned date adjourn it for another 10-day period, but on the latter date it may not provide for any further adjournments unless there are special circumstances.
Here on the adjourned date of December 14, 1964, the dis-positional hearing could, under the statute, be set down for not more than 10 days or December 24, 1964. This writ was returnable on December 24,1964, and after hearing the evidence, examining the relevant documents and reviewing the law, the court endeavored to make arrangements for the infant’s appearance that day before the Family Court for a dispositional hearing or for a further adjournment by that court if special *970 circumstances were shown to exist, as provided in section 749. However, such arrangements could not be made in the short time available.
The writ must accordingly be sustained and relator discharged. The Family Court should be enabled to proceed with this matter at its next court session or as soon thereafter as practicable by making its usual provisions for notifying the infant and her mother or requiring the attendance of the infant.