James H. Boomer, J.
The relator, on May 22, 1970, was indicted for certain larcenies and burglaries allegedly committed on four separate occasions in February and March of 1970. He surrendered voluntarily to the police, and, after he entered pleas of not guilty the County Court Judge fixed bail at $10,000. While relator was free on bail he was indicted for the crime of criminal possession of stolen property allegedly committed on August 3, 1970. Again, • relator voluntarily surrendered to the police and entered a plea of not guilty and the bail of $10,000 previously fixed was extended to cover this additional charge.
On January 10, 1971, the relator was arrested for driving without an operator’s license and the next day the County Court Judge signed an order revoking the bail and remanding the relator to jail. The relator sues out this writ of habeas corpus contending that the court abused its discretion by revoking the bail without sufficient reason, and therefore, relator is being illegally detained.
The constitutional guarantee against excessive bail (N. Y. Const., art. I, § 5) requires that the legislative provisions governing bail “be related to the proper purposes for the detention of defendants before conviction, as must the judicial applications of discretion authorized by the Legislature ’ ’ (People ex rel. Klein v. Krueger, 25 N Y 2d 497, 499-500). And “ in a habeas corpus proceeding the court may review the action of the denial of bail * * * if it appears that the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail are violated ” (People ex rel. Klein v. Krueger, supra, p. 499).
The statutory authority for the granting and revocation of bail appears in section 553 of the Code of Criminal Procedure, which states that prior to conviction a defendant may be admitted to bail as a matter of right in eases of misdemeanor, violation and traffic infractions; as a matter of discretion in all felony cases and ‘ ‘ the court may revoke bail at any time where such bail is discretionary with the court.” While this section gives the court discretion to refuse bail or to revoke bail already granted, “ denial of bail is no light matter, and needs to be buttressed by a real showing of reasons therefor ” (People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393, 398). “ The bailing court has a large discretion, but it is a judicial, not a pure or unfettered discretion. The case calls *886 for a fact determination, not a mere fiat” (People ex rel. Lobell v. McDonnell, 296 N. Y. 109, 111). “Even where an exercise of discretion is operative there must, as a matter of law, be underlying facts which will support that exercise either in denying bail or fixing the amount of bail ” (People ex rel. Klein v. Krueger, supra, p. 501).
“ Factors to be considered in the discretionary denial or granting of bail include: ‘ The nature of the offense, the penalty which may be imposed, the probability of the willing appearance of the defendant or his flight to avoid punishment, the pecuniary and social condition of defendant and his general reputation and character, and the apparent nature and strength of the proof as bearing on the probability of his conviction ’ ’ ’ (People ex rel. Klein v. Krueger, supra, p. 501, citing People ex rel. Gonzalez v. Warden, 21 N Y 2d 18, 25; People ex rel. Lobell v. McDonnell, supra, and Stack v. Boyle, 342 U. S. 1,.8).
The same principles that apply to the discretionary denial of bail in the first instance also apply to the discretionary revocation of bail already granted. It has been held that substantial reason must be shown for revocation of bail prior to conviction and “ that reasoning must be clearly enunciated at the time the bail is revoked ” (People ex rel. Thompson v. Warden of House of Detention for Men, 214 N. Y. S. 2d 171, 176) and that where the action ‘ ‘ in revoking bail previously fixed is capricious and arbitrary * * * the relators’ detention prior to their conviction must be deemed to be illegal ” (People ex rel. Rupoli v. McDonnell, 277 App. Div. 74, 76).
The District Attorney argues that “New York courts have recognized a further consideration with respect to bail — the threat to the safety and welfare of the community. See People v. Melville (62 Misc 2d 366); People v. Terrell (62 Misc 2d 673). It is respectfully submitted to this court that where a defendant engages in continuing criminal activity or would seem to be a threat to do so- — he is a menace to the safety and welfare of the community. The foregoing cases illustrate this new factor in a court’s consideration of bail.” The District Attorney contends that it may be inferred, from the several indictments referred to above and from certain other testimony taken before this court, that the relator is a menace to the safety and welfare of the community and, therefore, the County Court Judge acted within his discretion when he revoked the relator’s bail.
The law is not settled in New York State whether or under what circumstances a court may deny bail where there is reason *887 to believe that the defendant, if released, would pose a threat to the safety of the community. In the Melville case (swpra), the Judge of the Criminal Court of the City of New York denied bail to a defendant accused of six instances of bombing of occupied buildings. It also appeared that a large quantity of dynamite allegedly stolen by the defendant was still unaccounted for. That court concluded (p. 374): “pretrial detention for the safety of the community, as well as to avoid flight from prosecution, is constitutionally justifiable in extraordinary cases ” and that (p. 375) “ denial of bail because of the dangerous potential of a defendant if let at large in the community should only be imposed in rare and extraordinary cases. In those cases the evidence must be clear and convincing, the peril must be apparent.” (emphasis supplied). In the Terrell case (supra) a County Court Judge, after giving careful consideration to the law and the facts, stated (p. 680) that “ the possibility of flight from the jurisdiction or the threat posed to the safety of the community are important, determining criteria which, in an appropriate case, would compel the denial of bail in any amount.” Under the circumstances of that case the Judge released on bail a defendant charged with murder.
There is authority to the effect that the only factor to be considered in fixing or denying bail is the danger of flight. In 1967, the State Commission on Revision of the Penal Law and Criminal Code distributed a draft of the Proposed Criminal Procedure Law (published by Edward Thompson Co.). A proposed section relating to bail (§ 390.20) stated that an application for bail “ must be determined on the basis of the following factors:
“ (a) The kind and degree of control or restriction of the defendant that is necessary to assure his court appearance when required; and
“(b) The likelihood that the defendant would be a danger to society or to himself if at liberty during the pendency of the action or proceeding”.
The staff comment following this section reads in part, “ Apparently in line with uniform American authority, the only factor presently to be considered upon a bail application in New York is that stated in paragraph (a) herein. In brief, it is a traditional and accepted doctrine that the only purpose of fixing bail with respect to a defendant in a criminal action or proceeding is to guarantee his future appearance therein (People ex rel. Lobell v. McDonnell, 296 N. Y. 109, 111; People ex rel. Rubenstein v. Warden, 279 App. Div. 47).” The com *888 ment admits that the principle advanced by paragraph (b) is “most controversial”, yet “preventative detention” is, in many instances, “necessary for public protection.”
Paragraph (b) of section 390.20 of the 1967 draft was not carried over into the Criminal Procedure Law when it was adopted in 1970 to become effective September 1, 1971 (L. 1970, chs. 996, 997). The new law provides that when the granting of bail is discretionary with the court, the one factor to be considered is 1 ‘ the kind and degree of control or restriction that is necessary to secure his [the defendant’s] court attendance when required ” (§ 510.30, subd. 2, par. [a]).
This court need not decide whether preventative detention prior to trial is now permissible in this State; it is sufficient for the purposes of the decision to hold that denial or revocation of bail ‘1 because of the dangerous potential of a defendant if let at large in the community should only be imposed, [if at all] in rare and extraordinary cases. In those cases the evidence must be clear and convincing, the peril must be apparent ” (People v. Melville, supra, p. 375). This is not such a rare and extraordinary case, nor is the evidence clear and convincing and the peril apparent.
In the hearing before this court the District Attorney submitted no evidence to indicate that the crimes for which the relator was indicted were crimes of violence. The only evidence submitted in justification of the revocation of bail was the testimony of Detective Charles 'Schafer. This testimony was offered to show that the defendant may have been implicated in .two crimes which occurred shortly before his bail was revoked. Detective Schafer testified that he had investigated the theft of women’s pants suits from a certain dress shop. An informant told him that the relator “was possibly involved (in the theft from the dress shop) and was selling pants suits from a vehicle on Lyell Avenue ”. The witness further testified that he received information from another police officer that an automobile registered in the name of the relator was seen at the scene of a burglary of a furniture store. The witness stated he related all this information to the County Court Judge the day before the bail was revoked.
Opposed to this testimony are the facts that the relator has continuously maintained a home where he resides with his wife; he voluntarily surrendered to the police for arraignment on the five indictments and has made every appearance in the courts that have been required of him. In spite of the testimony of Detective Schafer that the relator might be involved in fur *889 ther crimes, he has not been indicted for those crimes nor has any attempt been made to seek any indictment of him.
It is obvious that the revocation of bail was not necessary to insure the relator’s attendance in court. And since I have already determined that there has been no showing of such rare and extraordinary circumstances warranting preventative detention prior to trial, I conclude that, as a matter of law, there are insufficient underlying facts to support the exercise of the court’s discretion in revoking bail. Hence, the detention is illegal and the relator is entitled to a judgment admitting him to bail forthwith, with bail to be fixed in the amount of $10,000 (CPLB 7010, subd. [b]).