THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT F. WAYBURN, Law Guardian, on Behalf of RICHARD L. (ANONYMOUS), Appellant, *v.* HARRIET SCHUPF, Acting Director of Detention Services, Human Resources Administration, Juvenile Center for Boys, Respondent.

Second Department, March 10, 1975.

*Charles Schinitsky* (*Robert F. Wayburn* of counsel), for appellant.

*William B. Richland* for respondent. (No brief submitted.)

*Per Curiam.* This appeal is from a judgment of the Supreme Court, Kings County, which dismissed a habeas corpus proceeding and the writ therein. The judgment should be modified, on the law, by adding thereto a provision that the dismissal is solely on the ground of mootness.

On January 24, 1975 a juvenile delinquency petition was filed in Family Court, Kings County, charging the 15-year-old petitioner with acts which, if committed by an adult, would constitute the crimes, among others, of robbery and unlawful possession of a weapon. The petitioner appeared in court with his mother, a Law Guardian was assigned and a denial to the allegations of the petition was entered. Over the Law Guardian's objection, the proceeding was adjourned to January 28, 1975 and the petitioner was remanded to the Juvenile Center. A corespondent was paroled.

On January 28, 1975 the corespondent's attorney requested an adjournment. Both the petitioner's attorney and the Assistant Corporation Counsel opposed the application, the latter also opposing a severance. The Family Court was informed that the petitioner's remand had been recommended by the Probation

Department because at the time he allegedly committed the instant offense he was on parole from a prior finding on a petition which alleged that he was a person in need of supervision and was, therefore, considered dangerous to the community.

The court then told the petitioner's attorney that it was "going to make some law." Noting that a Supreme Court Justice (BROWNSTEIN, J.) had recently held subdivision (b) of section 739 of the Family Court Act to be unconstitutional, as a denial of equal protection of the laws, insofar as it authorized preventive detention of juveniles (*People ex rel. Wayburn* v. *Schupf*, 80 Misc 2d 730), the court stated that it would grant bail to the juvenile as it would to an adult. Over the objection of the petitioner's attorney on the ground that he was ready for trial, the court set bail at $500 on "the basis that he will not return for trial if paroled." Although the petitioner's attorney contended that the bail was excessive, the court advised him to pursue his legal remedies and adjourned the proceeding to January 31, 1975. However, immediately thereafter, the petitioner was found in contempt of court, bail was vacated and he was "sentenced to Spofford to 1-31-75." The allegedly contemptuous conduct consisted of the petitioner's backing away from a court officer, shaking him off and then pushing the door on his way out of the courtroom, all at the conclusion of the hearing. The petitioner's attorney protested, but to no avail, and the next day he commenced this habeas corpus proceeding.

While this appeal was pending, an adjudicatory hearing was held in the juvenile delinquency proceeding and, upon his own admission, the petitioner was found to have committed an act which, if committed by an adult, would have constituted robbery in the second degree. He was then paroled to the custody of his mother, pending a dispositional hearing. Although the petitioner is no longer being detained, his appeal raises an issue of substantial public importance which is likely to recur. Therefore, we decline to dismiss the appeal as moot (*People ex rel. Guggenheim* v. *Mucci,* 32 N Y 2d 307, 310).

The Family Court is without power to fix bail for juvenile respondents. Section 153 of the Family Court Act (which is contained within the "General Powers" part of article 1) does authorize the court "to admit to, fix or accept bail"; but that section speaks of compelling the attendance, not of a juvenile respondent, but rather of an "adult respondent [or child or other person whose testimony or presence at a hearing or pro-

ceeding is deemed * * * necessary] " [bracketing sup-
plied]. Succeeding sections, namely, sections 155 and 155-a,
deal with the arrest and admission to bail of only adult respon-
dents, not juvenile respondents. Article 7 of the Family Court
Act, which governs juvenile proceedings, nowhere mentions
any power to fix or admit to bail. On the contrary, the statutory
scheme gives the court and other authorities only two choices at
each step of the proceeding, i.e., to either release the juvenile
outright to his parent or another person legally responsible for
his care or to detain him in a juvenile center. Thus, for example,
after taking a juvenile into custody, a peace officer must release
him to the custody of his parent or other person legally respon-
sible for his care upon the written promise, " without security ",
of said person that he will produce the child, or the officer must
take the child to the Family Court or a detention facility
(Family Ct. Act, § 724). Pending the filing of the petition, the
Probation Department must, where practicable, and absent
special circumstances requiring detention, release the child to
his parent, which release may be conditioned upon the giving of
a recognizance in accordance with section 724; i.e., a written
promise to produce, without security (§ 727). Where the
juvenile is detained, a preliminary hearing must be had within
72 hours or the next day the court is in session, whichever is
sooner (§ 729), and, after such hearing, the court must release
the child, with or without the afore-mentioned recognizance,
unless there is a substantial probability of nonappearance on
the return date or a serious risk that the juvenile might commit
another offense before the return date (§ 728). The same con-
siderations govern the court's scope of authority once the
petition is filed (§ 739). The fact-finding hearing must com-
mence within three days if the juvenile is in detention, with
adjournments authorized (except in homicide and certain assault
cases) only for good cause shown and for not more than three
days (§§ 747, 748).

Thus, the entire statutory scheme is designed to afford the
juvenile a speedy preliminary hearing and a speedy fact-finding
hearing, so that he need not be detained, prior to trial, for more
than a brief period of time. Moreover, where the juvenile is
released to the custody of his parent, such release may be
conditioned upon nothing stronger than a written promise,
without security. To judicially imply a power in the Family
Court to fix bail for a juvenile would impermissibly make the
child's release or detention dependent upon the financial
circumstances of his parent or guardian.

The Family Court, however, is authorized to hold a juvenile in contempt of court for acts committed in its presence (Family Ct. Act, § 156). The court has and should have some disciplinary power in order to ensure proper conduct and respect for its proceedings. Nevertheless, such power should be sparingly exercised in any case and particularly with respect to the juvenile respondent himself, since he or she generally lacks the mental and emotional maturity of an adult. Nor may the power to punish for contempt be employed as a subterfuge to extend the time a juvenile might otherwise be detained prior to the fact-finding or dispositional hearing.

On the facts at bar, it is evident that the petitioner's conduct did not warrant the Family Court's holding him in contempt. Having just been told that his hearing would be adjourned again without his consent and that the court was going to make "new law" in his case and set a bail he could not meet, the petitioner's impetuous reaction was understandable.

MARTUSCELLO, Acting P. J., CHRIST, MUNDER and SHAPIRO, JJ., concur.

Judgment of the Supreme Court, Kings County, entered January 30, 1975, modified, on the law, by adding to the decretal paragraph thereof, following the word "Dismissed", the following: "solely on the ground of mootness"; and, as so modified, judgment affirmed, without costs.