Edward J. McLaughlin, J.
Subject petition was filed with the court on June 6, 1975 alleging that the respondent was a juvenile delinquent in that on June 5, 1975, the respondent did an act which, if committed by an adult, would constitute the misdemeanor crime of resisting arrest, a violation of section 205.30 of the Penal Law. On March 17, 1976, respondent admitted the factual allegations and the matter was adjourned in contemplation of dismissal pursuant to subdivision (a) of section 749 of the Family Court Act. The petition *1047 was restored to the calendar and on November 22, 1976, respondent appeared in this court pursuant to the execution of a warrant issued against the respondent in an unrelated delinquency matter. A Law Guardian was appointed for respondent and the matter was adjourned until November 25, 1976. On that date, respondent denied that he needed treatment, supervision or confinement and requested that the matter be adjourned. Respondent was remanded to detention to await dispositional hearing. On the adjourned date respondent was produced in court and the Assistant County Attorney requested a further adjournment to await the report of the probation officer. In addition, he made a motion that respondent be returned to secure detention on the grounds that respondent would not reappear on the adjourned date and that there was a serious risk he would commit a crime during the adjournment. Respondent did not oppose the motion for adjournment, but did object to a remand to detention on the ground that he had reached his sixteenth birthday on August 26, 1976, and his detention pursuant to section 739 of the Family Court Act thus violated his right to equal protection of the law.
Before addressing respondent’s equal protection challenge, this court finds it necessary to clarify whether respondent’s detention after fact finding and prior to disposition would in fact be pursuant to the authority and standards provided by section 739.
Section 739 provides authority for detention, "after the filing of a petition”. The section does not specifically provide authority for detention after a fact-finding hearing and pending disposition, but neither does it preclude such authority. The heading of section 739 reads: "Release or detention after filing of petition and prior to order of disposition” (emphasis added). A section heading which has been enacted as part of the statute itself may limit or define its effect (People v Molyneux, 40 NY 113; People ex rel. Watson v Lamphier, 104 Misc 622), and should not be disregarded in an interpretation of a statute. (Broderick v Wiensier, 253 App Div 213, affd 278 NY 419; Matter of Blake, 208 Misc 22.) Thus, in light of the obvious meaning of its heading, this court reads section 739 as providing authority for detention at any point after the petition has been filed and prior to the order of disposition.
This reading of section 739 is supported by the fact that no other section specifically authorizes post-fact-finding detention, *1048 and there can be no doubt that the Legislature intended to provide for such. Furthermore, section 749 limits the time allowed for post-fact-finding adjournments "if the respondent is detained” (Family Ct Act, § 749, subd [b]; emphasis added), and thus clearly contemplates respondent’s detention under another section. Reading the two sections together and in context, section 739 provides the authority and standards for detention at any point during the proceeding and section 749 provides time limits for post-fact-finding adjournments where detention is or has been directed. (See People ex rel. Kooyoumjian v Poland, 44 Misc 2d 968.) In People ex rel. Moffitt v Quinlan (69 Misc 2d 1088), the court addressed a similar problem with respect to a criminal defendant’s right to bail after conviction and prior to sentencing.
Having determined that respondent’s detention must be pursuant to the authority and standards set forth in section 739, the next question is whether application of this section to a respondent who has reached his sixteenth birthday violates his right to equal protection.
Section 739 of the Family Court Act provides in relevant part:
"(a) After the filing of a petition * * * the court in its discretion may release the respondent or direct his detention. In exercising its discretion under this section, the court shall not direct detention unless it finds that unless the respondent is detained:
"(i) there is a substantial probability that he will not appear in court on the return date; or
"(ii) there is a serious risk that he may before the return date do an act which if committed by an adult would constitute a crime.”
Respondent’s challenge is essentially that detention based upon either of these findings is a more severe treatment than that given a criminal defendant of the same age, and thus violates his right to equal protection of the law.
When a State classifies persons and treats them differently, equal protection requires that the State have a rational basis for so doing. (Morey v Doud, 354 US 457; United States v Caroline Prods. Co., 304 US 144.) If the differential treatment infringes upon a fundamental right, the distinction between persons will be strictly scrutinized and must be justified by a compelling State interest which can be served by no less *1049 offensive means. (Roe v Wade, 410 US 113; Dunn v Blumstein, 405 US 330.) In this case, the fundamental right infringed upon is respondent’s right to freedom from detention. (People ex rel. Wayburn v Schupf, 39 NY2d 682.)
This court will first consider respondent’s challenge to detention under section 739 (subd [a], par [i]) should the court find that there is a substantial probability that respondent will not appear in court on the return date. This challenge is based upon the fact that article 7 of the Family Court Act provides no authority to set bail. (People ex rel. Wayburn v Schupf, 47 AD2d 79.) Respondent is thus denied a means by which he could assure his reappearance and thereby secure his freedom. In contrast, a 16-year-old criminal defendant, charged with the same criminal behavior, a misdemeanor, is given a statutory right to bail. (CPL 530.20, subd 1; 530.40, subd 1.) This right to bail continues after conviction and prior to sentencing (CPL 530.20, 530.60, as construed in People ex rel. Moffitt v Quinlan, supra), and is protected against excessiveness by both the United States and New York Constitutions (US Const, 8th Arndt; NY Const, art I, § 5). The result is respondent’s detention under circumstances where the criminal defendant would have the absolute opportunity of being released on bail.
As noted above, if two classes of persons are to be treated differently, the State must have a rational basis for so doing. The reason given for not allowing bail in juvenile cases is that the Legislature did not want to make a juvenile’s freedom dependent upon the pocketbooks of their parents or guardians. (People ex rel. Wayburn v Schupf, supra.) This may be a sufficient reason for denying bail in juvenile cases, but, it is clearly insufficient as a reason to deny bail to a respondent who has reached his sixteenth birthday. Financial considerations do not provide a rational basis for distinguishing between a 16-year-old respondent and a 16-year-old criminal defendant for the purpose of bail: their financial and familial resources are no different. There is therefore, no reason to deny respondent the same opportunity to secure his freedom as that afforded a 16-year-old criminal defendant.
Even if a rational basis for the differential treatment were to be found in the mere fact that respondent is within the juvenile justice system, there is a means less offensive than detention by which the State can serve its interest. Certainly, if the purpose of detention is to secure reappearance, a less *1050 offensive means to this end would be the fixing of bail. A provision for bail where the respondent has reached his sixteenth birthday need not seriously interfere with the legislative intent mentioned above. The integrity of the juvenile justice system would thus not be significantly affected. (McKiever v Pennsylvania, 403 US 528, 543.)
Accordingly, this court holds that detention of respondent over the age of 16 under section 739 (subd [a], par [i]) without the opportunity to post bail violates his right to equal protection of the law.
Respondent also challenges detention under section 739 (subd [a], par [ii]) should the court find that there is a serious risk that he will, before the return date, commit another criminal act. This challenge flows from the fact that a criminal defendant of the same age could not be held in preventive detention. The CPL provides no authority for preventive detention; the only factor to be taken into consideration when bail is discretionary is "the kind and degree of control or restriction that is necessary to secure [the defendant’s] court attendance when required.” (CPL 510.30, subd 2, par [a].)[1] While there is some case authority that preventive detention may be effected in criminal cases through the denial of bail, the criteria for such detention is vastly different than that found in section 739 (subd [a], par [ii]) of the Family Court Act.
Under section 739 (subd [a], par [ii]), detention is authorized without regard to either the nature of the act with which the respondent is charged or the degree of danger to the community likely to result from the respondent’s release. The court need only find that there is a serious risk that the respondent will commit another act which if committed by an adult would be a crime. The court is not required to determine the actual "dangerousness” of the criminal activity expected.
In contrast, the preventive detention which can be affected through the denial of bail requires rare and extraordinary circumstances. (People v Melville, 62 Misc 2d 366; People ex rel. La Force v Skinner, 65 Misc 2d 884.) Even where bail is a matter of discretion, it may not be arbitrarily denied: there must be a "real showing of the reasons therefor.” (People ex *1051 rel. Shapiro v Keeper of City Prison, 290 NY 393, 398.) Indeed, even the fact that defendant is charged with murder is not sufficient reason in itself for denial. (People v Terrell, 62 Misc 2d 673.) There must be clear and convincing evidence that actual peril is imminent. (People v Melville, supra; People ex rel. La Force v Skinner, supra.)
Thus, the fact that there may be, in substance, a form of preventive detention available in criminal cases does not undermine the conclusion that preventive detention under section 739 (subd [a], par [ii]) is not only a different, but a more severe, treatment than is accorded a criminal defendant. (Kent v United States, 383 US 541, 556.) The question then, is whether there is a rational basis for treating a 16-year-old juvenile delinquent respondent more severely than a 16-year-old criminal defendant. The answer can be found in the logic of the Court of Appeals decision in People ex rel. Wayburn v Schupf(39 NY2d 682, supra).
In Wayburn, the Court of Appeals upheld section 739 (subd [a], par [ii])[2] against a challenge that preventive detention violated the juvenile’s right to equal protection. The equal protection challenge was based upon the fact that there is no statutory provision for the preventive detention of adults. (Cf. CPL 510.30.) The court held that a rational basis exists for the distinction between juveniles and adults in that juveniles are more likely than adults to commit further criminal acts. The court reasoned that since a juvenile is not subject to additional punishment should he commit future criminal acts, the element of deterrence applicable to adult offenders is lacking. This lack of deterrence, coupled with the juvenile’s immaturity and his lack of a fully developed social conscience, make it more likely that a juvenile will engage in further criminal activity if released than would an adult.
Following this line of reasoning, the rational basis falls away when a person reaches his sixteenth birthday. At 16, a person becomes an adult in the eyes of the criminal law, and, individual immaturity notwithstanding, is held accountable for his criminal behavior as an adult. It is therefore irrational to expect that the 16-year-old juvenile delinquent respondent is any more likely to commit further criminal acts than the *1052 16-year-old defendant in a criminal action. The distinction between the two for the purpose of preventive detention is not supported by the rationale articulated in Wayburn (supra).
There being no other rational basis for the distinctive treatment, this court holds that preventive detention, not being available to the criminal courts, is not available to Family Court where the respondent has reached his sixteenth birthday.
Having found that detention under either standard provided in section 739 of the Family Court Act would violate the equal protection rights of respondent, and, there being no other authority by which to direct respondent’s detention, this court must release him.
This court feels this to be an unfortunate and unintended result, and suggests that the Legislature enact an appropriate bail provision for article 7 respondents who have reached their sixteenth birthday. The provision should include the authority to detain where the respondent is unable to post bail. Further, since there is no Statute of Limitations on the prosecution of persons alleged to be delinquents, (Family Ct Act, § 714, subd [b]), it is this court’s suggestion that the Legislature make provision for detention in adult facilities where appropriate to the age of the respondent.
It is therefore, ordered, that the motion to detain respondent pending dispositional hearing is denied, and respondent is released in the custody of his parent.

. In 1970, the Legislature failed to enact subdivision (b) of section 390.20 of the proposed CPL which would have allowed an application for bail to be determined on the basis of "[t]he likelihood that the defendant would be a danger to society or to himself if at liberty during the pendency of the action or proceeding.”

. At the time of the proceeding with which Wayburn was concerned, the provision was subdivision (b) of section 739 of the Family Court Act. By chapter 837 of the Laws of 1975, it was renumbered as section 739 (subd [a], par [ii]), effective September 1, 1975.