OPINION OF THE COURT
M. Holt Meyer, J.
This case involves the question of whether or not the Family Court has power to fix bail for juvenile respondents.
*872 Ronald D., 15 years of age, was arrested on October 4, 1978. Under provisions of the recently enacted "Omnibus Crime Bill” (L 1978, ch 481), he was charged as a juvenile offender with burglary in the first degree (Penal Law, § 140.30), assault in the second degree (Penal Law, § 120.05) and criminal possession of stolen property in the third degree (Penal Law, § 165.40). Pursuant to subdivision 18 of section 10.00 and subdivision 2 of section 30.00 of the Penal Law and CPL 1.20 (subd 42) and 180.75, he was subsequently arraigned on a felony complaint in Richmond County Criminal Court. Following a remand on October 4 for a psychiatric examination, he was returned to criminal court on October 13, having been found competent to stand trial. On that date, the case was adjourned to October 16 for a preliminary hearing and the defendant was remanded in lieu of $500 bail.
At the conclusion of the preliminary hearing on October 16, the original charges were reduced to burglary in the third degree (Penal Law, § 140.20), assault in the third degree (Penal Law, § 120.00) and criminal possession of stolen property in the third degree (Penal Law, § 165.40). Since these charges no longer constituted offenses for which a 15-year-old is criminally responsible, the criminal court ordered them removed to the Family Court of Richmond County pursuant to the provisions of CPL art 725. Additionally, the criminal court indorsed the removal papers so as to modify its prior securing order of October 13, which had set bail at $500. This indorsement discontinued bail and remanded respondent to the custody of the police department for the purpose of transferring him to Family Court.
Since there had been a preliminary hearing on the felony complaint in criminal court, a probable cause hearing was not required after removal (Family Ct Act, § 739, subds [b], [c]). Therefore, after respondent had been produced and a Law Guardian appointed, and after the District Attorney gave notice of his appearance in support of the petition (Family Ct Act, § 254-a, subd 6), this court’s initial inquiry on October 16 concerned the necessity of an adjourned date for fact finding and the concomitant determination of respondent’s release or remand pending that date. It is this final determination which represents the key issue in this decision, i.e., the power of the Family Court to fix bail for juvenile respondents.
In answering this question, the court is faced with the interpretation of a new statute (Family Ct Act, § 739, subd [c]) *873 and its effect on the former construction of related sections of the law (Family Ct Act, § 739, subd [a]; §§ 153, 155-a).
The new subdivision (c) of section 739 of the Family Court Act states in part: "After the filing of any such petition [i.e., one consisting of an order of removal] the court must, however, exercise independent de novo discretion with respect to release or detention as set forth in subdivision (a) of this section; provided, however, that where a criminal court has made a securing order and the respondent is not in detention pursuant to that securing order, the court, in addition to any alternative authorized by subdivision (a) of this section, but applying the criteria set forth in that subdivision, may continue the securing order or take any other action with respect to the securing order the criminal court might have taken if the action had not been removed.”
In its most literal meaning, this subdivision of the statute specifically authorizes the Family Court to act on the matter of bail when a juvenile respondent appears before it after a removal and is free on bail, as fixed by the criminal court. In that circumstance, the court may continue bail, order an upward or downward modification or vacate bail and remand the respondent or release him without security. Otherwise, it is limited to the options available under subdivision (a) of section 739 of the Family Court Act. At issue, therefore, is the extent of those options and whether they have been affected by the 1978 amendment of this section.
The Appellate Division (Second Department) has considered the release or remand alternative available under subdivision (a) of section 739 of the Family Court Act in a 1975 opinion, People ex rel. Wayburn v Schupf (47 AD2d 79). The court concluded therein (pp 81-82) that: "The Family Court is without power to fix bail for juvenile respondents. Section 153 of the Family Court Act (which is contained within the 'General Powers’ part of article 1) does authorize the court 'to admit to, fix or accept bail’; but that section speaks of compelling the attendance, not of a juvenile respondent, but rather of an 'adult respondent [or a child or other person whose testimony or presence at a hearing or proceeding is deemed * * * necessary]’ ”.
This may be a compelling argument but, even so, it does not appear to be the holding in the case. The court clearly states (p 81): "While this appeal was pending, an adjudicatory hearing was held in the juvenile delinquency proceeding and, upon *874 his own admission, the petitioner was found to have committed an act which, if committed by an adult, would have constituted robbery in the second degree. He was then paroled to the custody of his mother, pending a dispositional hearing. Although the petitioner is no longer being detained, his appeal raises an issue of substantial public importance which is likely to recur. Therefore, we decline to dismiss the appeal as moot (People ex rel. Guggenheim v. Mucci, 32 N Y 2d 307, 310).” And yet, the appellate court affirmed the judgment of the Supreme Court, Kings County, by modifying the lower court’s order of dismissal to read: "Solely on the grounds of mootness.” (The Supreme Court had simply dismissed a writ of habeas corpus, which had challenged the juvenile respondent’s admission to bail by the Family Court.) Since the appellate court’s opinion on the issue of bail was not necessary to this final order affirming the Supreme Court, its statements on bail are dicta.
Even if this court assumes, arguendo, that Wayburn is controlling on the issue of bail, it would seem that recent legislation changes the law with respect to bail as enunciated in the Wayburn case.
Subdivision (c) of section 739 of the Family Court Act affords those respondents whose cases have been removed from criminal court an opportunity to be free on bail solely because of their expedition in meeting the bail conditions established by the criminal court. If subdivision (a) of the same section is to be read as limiting the Family Court to the choice of remand or parole in all delinquency cases which originate within its jurisdiction or have been removed with the respondent still in detention, then this court would be constrained to read an equal protection violation into the statute. It is not the seriousness of a respondent’s delinquent acts nor the nature of his prior contacts with the Family Court that determines the opportunity for bail in this court. The dispositive factors are: (1) the jurisdiction which initially hears the charges against the respondent and (2) the speed with which the respondent seizes upon the benefit of bail in one jurisdiction before transfer to another. Such a distinction in the treatment of juvenile respondents would be impermissible since the reasons for different treatment bear no rational relationship to the concerns of section 739 of the Family Court Act, viz., to assure the respondent’s appearance in court on the return date and to prevent the risk of his committing *875 another delinquent act in the interim. Based, as it is, on speed and timing, the resulting discrimination would be strictly arbitrary and incapable of furthering, in a rational way, any legitimate, articulated State purpose (McGinnis v Royster, 410 US 263).
Therefore, since a statute must, if at all possible, be construed to preserve its constitutionality, this court cannot interpret the language of section 739 of the Family Court Act, as recently amended, to conflict with the fundamental law of the equal protection clause (US Const, 14th Arndt; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd c). It must instead read subdivision (a) of section 739 of the Family Court Act to include a grant of bail powers.
Such an interpretation of subdivision (a) is possible and can be advanced under two theories of statutory construction. First, if subdivision (a) of section 739 of the Family Court Act is examined separately, it must be recognized as implying in the Family Court the power to fix bail. It is a well-established rule of construction that all powers necessary and proper to accomplish the purposes of that authority expressly given are to be implied (McCulloch v Maryland, 4 Wheat [US] 316). This principle is applicable, if not particularly relevant, to the authority of the Family Court, which is by Constitution a court of limited jurisdiction (Matter of Borkowski v Borkowski, 38 AD2d 752). As stated in the "Practice Commentaries” to section 115 of the Family Court Act (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Family Ct Act, § 115, Book 29A, p 22): "the Court does have such collateral jurisdiction as is necessary to implement and fulfill the purposes of its expressly provided, primary jurisdiction.” Therefore, it is only reasonable to imply that if the Family Court is authorized to release juvenile respondents pending their return date in court, it is also empowered to determine the conditions of that release to insure their appearance on said return date. Furthermore, the propriety of setting bail for this purpose must obviously be conceded, given its statutory recognition in this State (CPL 500.10 et seq.).
This point of law was not considered in People ex rel. Wayburn v Schupf (47 AD2d 79, supra). The appellate court reviewed the bail issue on four grounds. It found that article 7 of the Family Court Act "nowhere mentions any power to fix or admit to bail”, and cited sections 724 and 727 of the Family Court Act as prohibiting the release of a child on security. The *876 court concluded (p 82) that the entire scheme of article 7 "is designed to afford the juvenile a speedy preliminary hearing and a speedy fact-finding hearing, so that he need not be detained, prior to trial, for more than a brief period of time”, thus implying that bail and a speedy trial are mutually exclusive concepts. Furthermore, it deemed the introduction of bail into juvenile delinquency matters as unfair in that a child’s release would depend upon the financial circumstances of his parent or guardian. And, finally, it found that section 153 of the Family Court Act, which expressly gives the Family Court power to fix bail, did not refer to juvenile respondents.
Thus it is clear that the first theory upon which this court bases its interpretation of section 739 of the Family Court Act with regard to bail was not before the appellate court in Wayburn. On this point, therefore, it is distinguishable.
The second theory of statutory construction, which supports an interpretation of subdivision (a) of section 739 of the Family Court Act as incorporating bail powers, involves this court in a conflict with the appellate court’s opinion in Way-burn, which would normally be controlling. As already noted, however, there is sufficient confusion in that opinion to convince this court that Wayburn’s statements on the issue of bail are dicta and thus not binding. This court is therefore free to adopt its own opinion on the question of bail.
Section 153 of the Family Court Act states in part: "The family court may issue a subpoena or in a proper case a warrant or other process to secure or compel the attendance of an adult respondent or child or any other person whose testimony or presence at a hearing or proceeding is deemed by the court to be necessary, and to admit to, fix or accept bail, or parole him pending the completion of the hearing or proceeding.” Wayburn read this language to the effect that the limited phrase, "adult respondent”, not only worked a modification on the independent word, "child”, but one that resulted in a meaning quite opposite to its own, viz., that "child” indicated nonrespondent child only. And yet, no rule of construction would extend the limitation of one independent phrase to another, let alone permit such an extension to effect the result suggested here by Wayburn. Instead, each independent phrase ought to be given its full and literal meaning (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 94, 231). Therefore, "child” must be read to include both respondents and nonrespondents, just as "any person” in *877 section 155-a of the Family Court Act (admission to bail) must be read to include an adult or child, respondent or nonrespondent. And since the court is required to read the entire Family Court Act as a whole and to harmonize all of its parts (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 97, 98), it is forced to construe the authority contained within the "General Powers” part of article 1 as applying to article 7. Way-burn, however, would contend that its interpretation of sections 153 and 155-a of the Family Court Act as authorizing bail for adults only is further supported by the fact that nowhere in article 7 is mention made of the power to fix or admit to bail.[1] This is conceded, and yet, section 738 of the Family Court Act states: "The court may issue a warrant, directing that the respondent or other person legally responsible for his care or with whom he is domiciled be brought before the court, when a petition is filed with the court under this article and it appears that * * * (e) a respondent on bail or on parole has failed to appear. L. 1962, c. 686.”
This section clearly presumes that the Family Court possesses the authority to fix bail for juvenile respondents. And since the power to fix bail is only mentioned expressly in section 153 of the Family Court Act, section 738 must be read as relying on that earlier section to include a grant of bail powers with regard to juveniles and as incorporating section 153 by reference into article 7. This, of course, is the very same result reached by this court’s construction of section 153 of the Family Court Act and the Family Court Act as a whole.[2]’[3]
*878 In the instant matter, the respondent had had bail set in criminal court in the amount of $500, which was discontinued upon his removal to Family Court. After an adjourned date had been set for a fact-finding hearing, this, court considered a probation report which indicated that the respondent had prior delinquency findings and a pending delinquency petition in Queens County Family Court. It also considered the fact that the respondent at one point during the judicial processing of his case had been judged eligible for bail by another competent tribunal. Based on this information, this court was not convinced that the respondent should simply have been released. And yet, it was not prepared to remand him without offering the respondent that opportunity for conditional freedom that had already been determined as sufficient to insure his return to court.
Accordingly, for the reasons stated herein, section 739 of the Family Court Act grants the Family Court power to fix bail on juvenile respondents. Therefore, respondent was remanded in lieu of $2,500 bail, with a cash alternative of $500.

. As noted above, it even cites sections 724 and 727 of the Family Court Act as prohibiting bail. These sections, however, do not refer to the court’s authority but to that of the police and probation departments.

. See, also, memorandum of Joseph B. Williams, Deputy New York City Administrative Judge, Family Division, October 17, 1978. On page 3, subdivision (III) (A) (5) (b), sections 738 and 153 of the Family Court Act are cited as granting Family Court authority to utilize bail in juvenile delinquency cases.

. There are two other arguments that Wayburn advances in opposition to Family Court’s power to set bail for juvenile respondents, viz., (1) that the scheme of article 7 is intended to afford the juvenile a speedy trial and disposition, and (2) that bail would force a juvenile to depend on his parents’ financial circumstances for his freedom. As to the first argument, it can hardly be reasoned that bail and a speedy trial are by nature mutually exclusive. Both rights are preserved as coexisting concepts in the Bill of Rights (US Const, 6th Amdt, 8th Arndt). As to the second argument, even adult defendants are often dependent on third parties for bail money, but this has never constituted a reason to deny said defendants the opportunity to exercise this right. When dealing with juveniles, there seems to be no more compel *878 ling reason to deny them the same. Furthermore, an equal protection question is again raised in that the same argument about a juvenile’s financial dependence on his parents could be and is not advanced to deny the juvenile the right to bail in criminal court prior to or absent removal.