OPINION OF THE COURT
Edward J. McLaughlin, J.
Now before the court for its consideration is the question of the extent to which the office of the District Attorney may participate in a dispositional hearing when a case has been removed to the Family Court pursuant to CPL article 725. This court holds that once the proceeding has commenced under article 7 of the Family Court Act and the County Attorney has appeared as attorney of record, the District Attorney may not then appear as an additional party in the action absent the withdrawal of the County Attorney (see Family Ct Act, § 254-a, subd 6).
FACTS
An order transferring all of the proceedings in this matter from the Onondaga County Court to the Family Court, State of New York, County of Onondaga, was filed with this court on January 3,1983. On January 3,1983 the matter appeared on the court’s 9:30 a.m. calendar. Respondent and respondent’s parents were present. Respondent’s attorney and a Deputy County Attorney appeared. The Probation Department was ordered to prepare a social investigation and the matter was set down for a dispositional hearing on February 3, 1983.
*270 On February 3, 1983 a Deputy County Attorney appeared. The matter was adjourned until February 24,1983 at the request of the Probation Department.
On February 24, 1983 respondent and his parents were present. Respondent’s attorney appeared and a Deputy County Attorney appeared. At the request of the Probation Department a psychiatric examination was ordered pursuant to section 251 of the Family Court Act. The matter was adjourned until February 28, 1983 for the dispositional hearing.
On February 28, 1983 the dispositional hearing commenced. Respondent and his parents were present. Respondent’s attorney appeared and a Deputy County Attorney appeared. The matter was adjourned until March 2, 1983.
On March 2, 1983 respondent and his parents were present. Respondent’s attorney appeared and a Deputy County Attorney appeared. For the first time an Assistant District Attorney came to court on this matter. The court gave the Assistant District Attorney permission to assist the Deputy County Attorney, who had entered his appearance from the commencement of the proceeding under article 7 of the Family Court Act.
The hearing continued on March 3, 1983. Respondent was present and respondent’s parents were present. Respondent’s attorney appeared and a Deputy County Attorney appeared. An Assistant District Attorney was present. On March 3, 1983 the parties rested and the evidence was closed. The court reserved decision.
On March 4, 1983 a letter was received from the Assistant District Attorney which was purported to review the evidence and to make recommendations on disposition of the matter. Since the letter concerned a matter pending before the court, the letter was placed in a sealed envelope, its receipt acknowledged.
On March 8, 1983 the court received a letter from the Assistant District Attorney requesting the court to read the letter of March 4,1983. The court wrote to the attorney for each party. The court asked if the attorneys had any objection to his reading the Assistant District Attorney’s letter of March 4, 1983. The County Attorney had no *271 objection. The respondent’s attorney had “every objection”. (See Kesseler v Kesseler, 10 NY2d 445.)
On April 7, 1983 the court received a letter written on April 6 by the District Attorney. The District Attorney stated that the letter from the Assistant District Attorney contained “only comments on the evidence that was before you at the hearing in question * * * Surely, relevant comments from informed counsel can assist the court in making an equitable decision.”
LAW
“The district attorney may elect to present the petition against a respondent, who was the defendant in a criminal proceeding removed to the family court pursuant to article seven hundred twenty-five of the criminal procedure law, when a proceeding under article seven of this act is commenced as a result of the order of removal.” (Family Ct Act, § 254-a, subd 6; emphasis added.) Here the Deputy County Attorney appeared as attorney of record at the commencement of the proceeding. At no time did the Deputy County Attorney move to withdraw. (CPLR 321, subd [b], par 2.)* No notice was given to the court that the District Attorney had elected to present the petition. Rather, the Assistant District Attorney appeared well after the proceeding had commenced. While the District Attorney is statutorily designated as a necessary party in an abuse proceeding (Family Ct Act, § 254, subd [b]), a specific statutory section, subdivision 6 of section 254-a of the Family Court Act, governs the role of the District Attorney in cases which have been removed to the Family Court pursuant to CPL article 725.
The Corporation Counsel in the City of New York and the County Attorney outside the City of New York are the primary prosecutors of juvenile delinquency matters. (Sobie, The Juvenile Offender Act, A Study of the Act’s Effectiveness and Impact on the New York Juvenile Justice System.) Reported cases indicate that in cases in which the District Attorney presents a case that has been re *272 moved to the Family Court from the criminal court, the District Attorney appears from the commencement of the proceedings. (See, e.g., Matter of Eric K., 100 Misc 2d 796; Matter of Ronald D., 96 Misc 2d 870.) In any event a litigant may have only one attorney of record. (Barlas v Johnson Elec. Corp., 44 Misc 2d 918; cf. Judiciary Law, § 484.) Here the attorney of record was the Deputy County Attorney.
The court’s decision in a dispositional hearing pursuant to article 7 of the Family Court Act must be made based upon the preponderance of the evidence. (Family Ct Act, § 745, subd [b].) “Only evidence that is material and relevant. may be admitted during a dispositional hearing.” (Family Ct Act, § 745, subd [a].) Here the District Attorney urges the court to consider an out-of-court statement of an Assistant District Attorney which evaluates the evidence and makes recommendations as to the ultimate disposition of the case. Clearly, the court, over the objection of respondent’s attorney, cannot consider such a communication. The primary purpose of article 7 of the Family Court Act is to provide due process of law. (Family Ct Act, § 711.) That purpose would be thwarted were the court to consider statements not in evidence before it.
Accordingly, the court holds that the District Attorney must make known his election to present a case removed to the Family Court pursuant to CPL article 725 at the commencement of the proceeding. In the alternative the County Attorney must move to withdraw and the District Attorney be substituted if the proceeding has already commenced.
If the District Attorney’s letter is meant as a report the court cannot consider it as part of the evidence absent consent from all parties. (Kesseler v Kesseler, 10 NY2d 445, supra.) If the Assistant District Attorney’s letter is meant as argument on the evidence, then it is improper since the District Attorney did not represent a party. (CPLR 4016.)
Accordingly, the court holds that any information concerning the disposition of a case must be presented to it as evidence at a trial on the matter.

 “Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed * * * the procedure shall be in accord with * * * the provisions of the [CPLR] * * * to the extent that they are appropriate to the proceedings involved.” (Family Ct Act, § 165, subd [a].)